Argued September 14, affirmed December 16, 1964

# TWILLEAGER *v.* NORTH AMERICAN ACCIDENT INS. CO.
397 P. 2d 193

*John Toran, Jr.,* Portland, argued the cause and submitted the brief for appellant.

*Roland F. Banks, Jr.,* Portland, argued the cause for respondent. With him on the brief were Mautz, Souther, Spaulding, Kinsey & Williamson, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, SLOAN, GOODWIN and LUSK, Justices.

ROSSMAN J.

This is an appeal by the plaintiff from a judgment which the circuit court entered in favor of the defendant after a jury had returned a verdict for the plaintiff. The court entered judgment for the defendant notwithstanding the verdict: see ORS 18.140 (2). This appeal challenges the judgment thus entered.

The action is based upon a policy of health and accident insurance which the defendant issued to the plaintiff January 21, 1958. The policy was in full force and effect at all times material to this case. By the terms of the policy defendant agreed to pay stated sums of money to the plaintiff by way of indemnity for either total or partial disability, suffered as a result of accidental injury, and which prevented the plaintiff from carrying out his duties as a custodian's helper at Portland's Jefferson High School.

While operating an automobile on January 18, 1962, plaintiff was involved in an accident as a result of which he sustained, inter alia, an injury to his left knee. Defendant paid to plaintiff, or tendered into court, sums intended to satisfy the full amount of benefits for partial disability provided in the policy. Plaintiff contended that he was totally disabled and brought this action to recover the larger benefits provided therefor.

The only assignment of error challenges the propriety of the trial court's order which granted judgment notwithstanding the verdict. The only issue at trial was whether the plaintiff was entitled to benefits for total disability as that condition is defined in the policy. The issue before us is whether there was substantial evidence, viewed in the light most favorable to the plaintiff, sufficient to establish that the injury

to plaintiff's left knee was such as to totally disable plaintiff from engaging in "any and every kind of business or labor pertaining to his occupation."

Part III of the policy, pertinent to this appeal, provides as follows:

"Accident Indemnity

"When injury, which does not cause any of the Specific Total Losses enumerated in Part II hereof, shall within twenty days from the date of accident continuously totally disable the Insured from engaging in any and every kind of business or labor pertaining to his occupation, the Company will pay:

Total Disability

"(a) For the period of such disability, not exceeding sixty months, at the rate of the Monthly Indemnity shown in Policy Information;

Partial Disability

"(b) Or if injury shall within twenty days from date of accident or immediately following a period of total disability prevent the Insured from performing one or more of the important daily duties of his occupation, the Company will pay for the period of such partial loss of time not exceeding six months at the rate of One-Half the Monthly Indemnity shown in Policy Information.

"Indemnity under this Part III will not be paid in excess of the time the Insured is under the regular care of a legally qualified physician or surgeon."

The monthly indemnity shown in the "policy information" is $150, and plaintiff's occupation is classified by the policy as "School Custodian."

■ As a general rule, the extent of disability suffered by an insured is a question for the jury. Cooley's Briefs on Insurance, Vol. 6, 2d ed, 5614. The terms

of this policy are not ambiguous; they are to be given effect in accordance with their plain and ordinary meaning. *Inglis v. General Casualty Co.*, 211 Or 116, 316 P2d 546; *Perlman v. N.Y.L. Ins. Co.*, 234 App Div. 359, 254 NYS 646; and see *Todd v. Occidental L. Ins. Co. of Cal.*, 208 Or 634, 303 P2d 492; 7, Couch, Cyclopedia of Insurance Law, 5766, Sec. 1670 et seq. The mere fact that the policy provides for partial disability indemnity, something less than total disability, is no ground for a more strict construction of the total disability clause. *Doherty v. American Employers Ins. Co.*, 112 NJL 52, 55, 169 A 652; *Fitzgerald v. Globe Indemnity Co. of N. Y.*, 84 Cal App 689, 258 P 458; *Harrison v. Provident L. and A. Ins. Co.*, 167 Tenn 394, 70 SW2d 24.

■ The policy here involved is one of indemnity for occupational disability. Plaintiff need not show that he is disabled from pursuing any other gainful occupation; he need only prove that he is totally disabled from performing duties pertaining to his occupation as classified in the policy. That he may be perfectly able to be gainfully employed otherwise than as a school custodian is immaterial, and would not preclude his recovery. See *Dullum v. Northern L. Ins. Co.*, 169 Or 233, 237, 127 P2d 749.

■■ The clause "totally disabled" is not synonymous with absolute helplessness. *Fagerlie v. N.Y.L. Ins. Co.*, 129 Or 485, 498, 278 P 104; 6 Cooley, supra, 5538; Vance, Insurance, 3rd ed., 1951, p. 1050; II 1945 Supplement, Couch on Insurance, 2029. Total disability, specified in an accident policy as quoted above, contemplates more than partial disability as defined in the same part of the policy. It contemplates an inability to do all substantial and material acts necessary to the prosecution of the insured's occupation in the

usual and customary manner. *Heald v. Aetna L. Ins. Co.*, 340 Mo. 1143, 104 SW2d 379; *Metropolitan L. Ins. Co., v. Jones,* 192 Ark 1106, 96 SW2d 957; *Erreca v. Western States L. Ins. Co.*, 19 Cal2d 388, 121 P2d 689; *Brunson v. Prudential L. Ins. Co.*, 182 SC 24, 188 SE 255, II Couch, 1945 Supp., supra, p. 2029 et seq., 6 Cooley, supra, p. 5543. Total disability is not established by proof that plaintiff can not perform his duties as effectively as before his injury nor by proof of his inability to perform some of his duties, particularly where the policy defines partial disability as inability to perform one or more of the important daily duties. *Dietlin v. General American L. Ins. Co.*, 4 Cal 2d 336, 49 P2d 590; *Continental Casualty Co. v. Johnson,* 314 Ky 53, 234 SW2d 190; *Federal L. Ins. Co. v. Hurst,* 43 Ga App 840, 160 SE 533; and see 45 CJS 979, 980, Insurance, Sec. 898 b(2), 149 ALR 7, 6 Cooley, supra, p. 5541, 5547. The test is: "Have the injuries rendered the insured substantially unable, in the exercise of ordinary care, to perform every material duty pertaining to his occupation." *Winters M. Aid Assoc. Circle No. 2 v. Reddin,* (Tex. Civ. App.) 31 SW2d 1103.

■ We turn now to a review of the evidence as proferred by the plaintiff in his efforts to sustain his burden of proof. After a thorough review we conclude that the trial court did not err in granting judgment notwithstanding the verdict. The only evidence offered as to plaintiff's duties was plaintiff's own testimony. He characterized his duties as "general cleaning" involving sweeping as the main item, and vacuuming, scrubbing, waxing, and buffing floors with power machinery; cleaning windows, changing lights, and patching the roof. Some of these tasks required the use of ladders. Plaintiff testified that he was unable,

as late as the time of trial, to stay on his feet for a full eight hour shift. He testified that he needed rest periods. He was able to operate the clutch of his automobile in shifting gears although that required the use of his left knee.

Plaintiff did not return to work or attempt to perform any of his duties during the eight month period for which he claims total disability. There were 13 other custodians working each shift. There was no evidence of how the tasks were, or could be apportioned among these employees. There was no testimony as to the extent ladders were required to be used. Plaintiff was forced to limp and favor his knee, but there was no evidence that he could not perform the substantial tasks required by his occupation. He chose not to return to work—the only advice given by a physician being not to do anything that would aggravate the condition. The most than can be said of the results of plaintiff's injury is that his effectiveness in his occupation would have been reduced; but his performance of his duties was not prevented, other than by his own volition or lack of it. There was no evidence showing that plaintiff would be required to stay on his feet without rest periods or that plaintiff's need to rest could not be somehow accommodated. When the plaintiff finally returned to his occupation, he was given work that he deemed more favorable to his condition; it did not require him to climb any ladders. There is no evidence that this type of work was not available earlier.

Dr. F. A. Short, plaintiff's physician, testified that in his opinion the accident and injury to the plaintiff would not have incapacitated him from performing the duties required by his occupation. He believed that climbing ladders and steps were tasks that would

bother the plaintiff the most and would likely aggravate his knee condition. Dr. Short further testified that plaintiff was able to work for eight hours doing the lighter parts of a custodian's work but he could not have done work requiring the climbing of ladders and steps. Dr. Short believed that the plaintiff was not totally disabled from doing the work of a custodian. We have mentioned that the record does not disclose the extent, if any, that a custodian is required to climb ladders or ascend stairs. When the plaintiff returned to his work he was given duties with which he has experienced no difficulties.

The above is a complete review of the evidence. As such it is not sufficient to satisfy plaintiff's burden of producing substantial evidence adequate to raise a jury question or support a jury verdict favorable to the plaintiff.

Plaintiff did not offer any substantial evidence to prove his claim of total disability, as that term is used in this policy. The judgment for defendant notwithstanding the jury verdict was proper and is hereby affirmed.