# AMERICAN ECONOMY INSURANCE COMPANY
et al, *Appellants—Cross-Respondents,*

*v.*

# COMMONS et al, *Respondents—Cross-Appellants,*
## STATE OF OREGON, *Respondent.*
### (No. 86224, CA 5262)
552 P2d 612

*Duane Vergeer,* Portland, argued the cause for appellants—cross-respondents. On the briefs were Thomas Sauberli and Vergeer, Samuels, Roehr & Sweek, Portland.

*J. Philip Parks,* Salem, argued the cause for respondents—cross-appellants. With him on the brief were Miller, Beck & Parks, Salem.

No appearance for respondent State of Oregon.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

THORNTON, J.

## THORNTON, J.

The American Economy Insurance Company and the American States Insurance Company, the insurers, appeal from that portion of the circuit court's decision which declared them to be responsible for costs incurred by the state in fighting a forest fire which started on the property of the insureds, Tom and Joyce Commons.

The insureds cross-appeal from that portion of the decision which ruled that damages to certain buildings and equipment were excluded from policy coverage by policy language excluding liability for damage to property in the "possession and control" of the insureds.

The insureds own a farm in Marion County. They live on an adjacent farm which is owned by Ward Commons Mfg. Co., Inc., a corporation jointly owned by Tom Commons and his father, Ward Commons.

On August 21, 1973, a fire broke out on the farm owned by the insureds. That day it spread to several adjacent farms. The next day it spread further to the corporate farm where it destroyed buildings and machinery owned by the corporation.

Because the fire endangered forest land, the State Fire Marshal, pursuant to his authority under ORS 477.066, employed state equipment and personnel to enter the land and aid in bringing the fire under control. The state then brought an action under ORS 477.068 to recover its costs of fighting the fire from Tom and Joyce Commons. Defense of this action was tendered to the insurers, but was refused.

Ward Commons Mfg. Co., Inc., subsequently brought an action against Tom and Joyce Commons for damages to the corporate property as a result of the fire. Defense of this action was tendered to the insurers but was also refused.

The insurers then brought this declaratory judg-

ment action to determine their responsibilities under the policy.

■ As a preliminary matter, the usual rule is that when an insurance policy is reasonably susceptible of more than one construction, it should be construed most favorably to the policyholder. *Wallace Co. v. State F. M. Auto Ins. Co.,* 220 Or 520, 349 P2d 789 (1960); *Rossier v. Union Automobile Ins. Co.,* 134 Or 211, 291 P 498 (1930).

## LIABILITY FOR FIRE SUPPRESSION COSTS

The insureds argue that the fire suppression costs are recoverable by virtue of the policy language, which provides:

> "The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay by reason of the liability imposed by law (a) upon him or (b) upon another (but assumed by the insured under a contract) *as damages because of* bodily injury or *property damage* to which this insurance applies, caused by an occurrence. * * *" (Emphasis supplied.)

Apparently, but one appellate court has considered the question presented here. The California Court of Appeals for the Fifth District considered it in *Globe Indem. Co. v. State of California,* 43 Cal App3d 745, 118 Cal Rptr 75 (1974), and concluded that fire suppression costs were included in the policy coverage. The California court reasoned that it was *because of* the damage to property that the state entered the insureds' land to fight the fire, and that because the insureds' liability to the state arose therefrom, the insurer was in turn responsible to the insureds.

■ We are persuaded by the rationale of the *Globe* decision. The policy language both here and in *Globe* provided that the insurer is liable for damages "because of * * * property damage." The policy does not limit coverage to property damage but instead covers damages *because of* property damage. This latter language is broader and more inclusive than the former. Because the fire spread to forest land on the corporate

[ 156 ]

farm, the state entered and fought the fire. The liability of the property owners, the insureds, for the suppression costs arose because the state fought the fire, and the state did so because there was property damage. It follows that the insurers are liable for the suppression costs since the insureds' liability arose because of the state's action.

The California court expressed another persuasive reason for its conclusion: To rule that fire suppression costs are not recoverable would to an extent encourage an insured not to report a fire, because damage done by the fire would be covered by the policy, but if the insured reported the fire in an effort to mitigate damages, any costs expended in fighting the fire would come out of his own pocket and not be recoverable under the policy. While it is doubtful that policyholders would become aware of such a rule and therefore actually fail to report a fire, such a holding would nonetheless be anomalous.

## CLAIM BY THE CORPORATION AGAINST TOM AND JOYCE COMMONS

The insurers contend that they are not liable for any damage to property located on the corporate farm since that farm was under the supervision of the insureds and is therefore excluded from coverage by a provision in the policy which provides:

"THIS POLICY DOES NOT APPLY:

"C.   To property Damage:

"(1) *to property owned by,* transported by, rented to, occupied or used by, *or in the care, custody or control of the insured* or property as to which the insured for any purpose is exercising physical control ʳ * *.

"* * * * *." (Emphasis supplied.)

The above or similar exclusions are common to insurance policies of this type and have been the subject of numerous articles. *See,* for example, Gowan, *Provisions of Automobile and Liability Insurance Contracts,* 30 Ins Coun J 96 (1963); Cooke, *Care, Custody or Control Exclusions,* Ins L J 7 (1959); Annotation,

*Liability Insurance—Custody of Insured,* 62 ALR2d 1242 (1958).

Despite the abundance of material written on the general subject, we have been unable to find any decision interpreting such an exclusion clause where the facts are similar to those in this case. The vast majority of cases deals with situations where a contractor, while doing work on property of a third party, damages either that property or other property of the third party. *See,* Annotation, 62 ALR2d 1242, *supra.*

Although the cases and numerous articles written on this subject do not discuss the factual situation at bar, some of the purposes of exclusionary clauses of this type are discussed in these authorities and are helpful in resolving the issue in the case before us.

Commenting on one of the reasons for the exclusion, the Oregon Supreme Court stated:

> "* * * Another reason given for the 'care, custody and control' provision is the 'moral hazard' involved when property which has been entrusted to the insured's care, custody and control is injured; *the insured 'feels morally responsible for any damage caused by him and is more interested in seeing the owner is generously compensated by his company.'*" Ferguson v. Birmingham Fire Ins., 254 Or 496, 503, 460 P2d 342 (1969), quoting from Gowan, *Provisions of Automobile and Liability Insurance Contracts,* 30 Ins Coun J 96, 103 (1963). (Emphasis supplied.)

Here the insureds live on the corporate farm and pay no rent. From this, we think it a fair inference that part of their responsibilities in return for free lodging is to watch over the corporate assets stored there. When the corporation suffered severe losses as a direct result of the fire started by one of the insureds, he is certainly morally responsible and is "interested in seeing the owner generously compensated by his [insurance] company."

Also, it is significant to remember who owns the destroyed assets: Ward Commons Mfg. Co., Inc., of

which Tom Commons is the vice president and owns half the company's stock, and his father is the president and owns the other half. While we are not basing our decision on a conclusion that the corporation was a legal fiction or the "alter ego" of the insureds and the father, we cannot ignore the realities of the situation, namely, who actually owned the destroyed assets.

■ In summary, we are of the opinion that because of their living on the corporate farm and because of their personal, although indirect, ownership of the destroyed assets, the destroyed assets were in the "care, custody or control" of the insureds. Accordingly, the trial court correctly ruled that the property in question was excluded from policy coverage.

■ The insureds also contend that the circuit court erred in not awarding them attorney fees. In support of this contention the insureds cite *Hartford v. Aetna/Mt. Hood Radio,* 270 Or 226, 527 P2d 406 (1974). There the insurer brought a declaratory judgment action to determine its policy liability. The insured prevailed and the Supreme Court awarded attorney fees. The court reasoned that since an insured who prevails when he brings an action to collect on a policy is entitled to fees under ORS 743.114, the same result should follow where the insurer first brings a declaratory judgment action.

Since the insureds prevailed on that part of the action below having to do with the liability for fire suppression costs, an award of attorney's fees is appropriate.

Affirmed in part; reversed in part and remanded for entry of an order awarding the insureds, cross-appellants, attorney's fees.