Argued July 8, affirmed September 30, 1976

O'NEILL, *Respondent,*
*v.*
STANDARD INSURANCE COMPANY, *Appellant.*

554 P2d 997

*Donald W. McEwen,* Portland, argued the cause for appellant. On the briefs were John R. Faust, Jr., and Hardy, Buttler, McEwen, Weiss & Newman, Portland.

*John E. Ferris,* Medford, argued the cause for respondent. With him on the brief were Collins, Ferris & Velure, Medford.

Before Denecke, Chief Justice, and O'Connell, Tongue, and Bryson, Justices.

BRYSON, J.

## BRYSON, J.

Plaintiff, the wife and personal representative of the estate of decedent, brought this action to recover under the terms of a group "loan cancellation life insurance" policy (a form of credit life insurance)[1] covering decedent's life.

Defendant's motion for a directed verdict was denied. A jury returned a verdict in favor of plaintiff and judgment was entered accordingly. Defendant's motion for judgment n.o.v. was denied. Defendant appeals.

Plaintiff's decedent was an insured borrower on a State of Oregon Veterans' Loan. The group loan cancellation life insurance policy purchased by decedent provided that upon his death defendant insurer would satisfy his mortgage indebtedness by paying the balance due on decedent's note and mortgage. The policy also provided for the termination of coverage upon "transfer of ownership" of the mortgaged premises.

On August 14, 1973, J. E. and Sarah E. Porter executed a "Purchase Offer and Deposit Receipt" for the purchase of the mortgaged property from the plaintiff and decedent. The agreement called for closing in escrow, and the escrow was established. All monies due under the agreement were paid into escrow by the Porters on November 2, 1973. On November 9, 1973, plaintiff and decedent delivered into escrow an executed deed together with instructions for delivery of the deed upon receipt of the purchase price less certain disbursements.

The preliminary title report from Transamerica Title Insurance Co. showed liens against the mortgaged property consisting of the mortgage in favor of the State of Oregon, Department of Veterans' Affairs,

[1] This form of insurance coverage is discussed in *Hayes Truck Lines v. Investors Ins.*, 269 Or 565, 525 P2d 1289 (1974).

and an unsatisfied judgment for child support in the amount of $732.

The deed was not recorded until December 28, 1973, and the balance of the escrow funds was not transferred to the plaintiff until December 31, 1973. Decedent died on November 10, 1973, and defendant declined coverage on the ground that there had been a "transfer of ownership" prior to his death.

The defendant contends that the court erred in denying its motion for a directed verdict and its motion for judgment notwithstanding the verdict.

The facts are uncontested. The issue as urged by the defendant is whether the payment of the purchase funds for the mortgaged premises by J. E. Porter and wife and the tender of the deed by plaintiff and decedent Joseph S. O'Neill into the escrow account were sufficient in themselves to constitute a "transfer of ownership" within the meaning of the insurance policy.

In support of this contention the defendant relies on *Sturgill v. Industrial Painting Corp.,* 82 Nev 61, 410 P2d 759 (1966), and *Foulkes v. Sengstacken,* 83 Or 118, 163 P 311 (1917). Both *Sturgill* and *Foulkes* dealt with a contractual relationship between a buyer and seller of realty where the transaction was closed in escrow. In the instant case we are not concerned with the contractual relationship between a buyer and seller of realty. In the case at bar the contractual relationship is between the plaintiff seller and the defendant insurer. The question is not when does title pass from the seller but, rather, when does the ownership interest of the seller terminate so as to constitute forfeiture of the life insurance policy issued by the defendant insurance company.

The defendant issued its master insurance policy to the State of Oregon (Department of Veterans' Affairs) pursuant to ORS 407.074. Pursuant to statute and the scheme of credit life insurance, the Department of

[ 360 ]

Veterans' Affairs, under its "Veterans' Loan Insurance Plan," issued a "Certificate of Life Insurance" to the deceased. The certificate of life insurance provided:

> "THIS IS TO CERTIFY, that the person named herein is insured on the Effective Date of this Certificate for the amount of the principal and interest due the State of Oregon under the loan contract having the above number [149657]."

ORS 407.076 provides:

> "(1) Every borrower securing a loan * * * upon complying with such rules as the director may adopt * * * shall be insured, commencing on the effective date of the loan * * *.
>
> "(2) Any person who * * * has qualified and is holding a loan under the provisions of [ORS 407.074] * * * may become insured under the provisions of ORS 407.074 and this section by making application to the director for such insurance.
>
> "* * * * *."

■ Under the facts in the case at bar, the decedent was in possession of the property, and his loan from the State of Oregon was still outstanding. The defendant prepared the insurance contract and the certificate of insurance held by the decedent. Such contracts for insurance are construed liberally in favor of the insured.

> "The language used in a contract of insurance is entitled to a construction as favorable to the insured as in good conscience will be permitted, and every reasonable intendment will be allowed to support a view that will protect the insured and prevent forfeiture. [Citations omitted.]" *Schweigert v. Beneficial Life Ins. Co.,* 204 Or 294, 301, 282 P2d 621 (1955).

*Land v. West Coast Life Ins. Co.,* 201 Or 397, 401, 270 P2d 154 (1954).

■■ Under the facts of this case we conclude that decedent's ownership in the property was not terminated or transferred until the escrowed money was disbursed to the seller. The decedent's loan was still

[ 361 ]

outstanding and interest was charged and paid by plaintiff. There were contingencies under the terms of the escrow agreement which could have resulted in the transaction not being closed. It is uncontested that the monies in escrow were not distributed and the escrow account was not terminated until December 31, 1973, some 51 days after the decedent's death.

■ The defendant also argues that the matter should not have been submitted to the jury. Where an issue should have been decided by the court against the appellant as a matter of law but is incorrectly submitted to the jury, the appellant has suffered no injury and there is no ground for reversal. *Waller v. City of New York Ins. Co.,* 84 Or 284, 293, 164 P 959 (1917); *Hekker v. Sabre Construction Co.,* 265 Or 552, 555, 510 P2d 347 (1973).

■ The defendant also contends that the plaintiff did not have "an insurable interest in the case" and that the State of Oregon (Department of Veterans' Affairs) "is the beneficiary and has the sole right to the proceeds upon the death of a member." We do not agree with this contention.

The closing statement from the escrow department of Transamerica Title Insurance Co. shows that the plaintiff received the amount of the purchase price of the realty less $14,870.69, which covered the balance due on the decedent's loan from the Department of Veterans' Affairs, interest thereon, and a payment on the mortgage cancellation life insurance policy made by the Department. The purchasers, Mr. and Mrs. Porter, sometime after decedent's death assumed the outstanding mortgage. Under these facts, the estate of the insured may sue for the benefits under the insurance policy.

"* * * [T]he debtor's estate or administrator can seek contribution or any other remedies available to the insured upon his payment of the debt.

"And where the debt has been paid, the administrator of the insured's estate may be the proper person to bring

[ 362 ]

a suit on the policy." (Footnotes omitted). 1 Appleman, Insurance Law and Practice 29-31, § 20 (Supp 1976).

To the same effect *see McDaniel v. Ins. Co. of Oregon,* 243 Or 1, 410 P2d 814 (1966); *Williams v. Stockman's Life Ins.,* 250 Or 160, 441 P2d 608 (1968); *Hayes Truck Lines v. Investors Ins.,* 269 Or 565, 525 P2d 1289 (1974). In *McDaniel v. Ins. Co. of Oregon, supra,* the defendant insurance company made the same contention; namely, that no one but the creditor could receive payment under the insurance policy.

Affirmed.