The Bells, who are husband and wife, filed an action against Travelers and E.C. Dothard, Director of Public Safety for the State of Alabama, seeking a declaration that the action of Travelers in removing Willie Bell, the husband, as a driver under a liability policy covering an automobile belonging to the wife, was void. The trial court upheld the exclusion of the husband and the Bells appealed.
Prior to February, 1975, the Bells were covered by liability insurance with Travelers under a policy made available by Travelers to members of the Alabama Education Association (AEA). Mrs. Bell was a member of AEA, being a public school teacher in Montgomery County.
When this policy came up for renewal, Travelers advised Mrs. Bell that it would not renew the policy unless she first agreed to the removal of her husband as a driver under the policy due to his driving record. The husband had been convicted twice of speeding and once for reckless driving in the two years next preceding the renewal date of the Travelers' policy.
The wife agreed to the husband's being removed as a driver under the policy covering her automobile.
Thereafter, while driving the automobile owned by his wife, Mr. Bell was involved in an automobile accident which resulted in injuries to the occupants of the automobile with which he collided.
On appeal, the Bells contend that the exclusion from coverage of the husband is void as against public policy because insurance companies:
 ". . . can not avoid their responsibilities by writing a policy for a wife and excluding the husband, a licensed driver, when they know, or have reason to know, that during the term of the policy the husband will very probably sooner or later, at one time or another, operate that vehicle. . . ."
The Bells argue that Travelers should not be permitted to exclude a spouse from a policy covering the other automobile so long as the spouse sought to be excluded holds a valid driver's license. Such exclusion, they say, violates public policy in that it creates marital discord. They also argue that the exclusion violates the Constitution of the State of Alabama.
We are not persuaded by either argument. The exclusion is clear and unambiguous and was agreed to by Mrs. Bell. This insurance company, like others, has a right, absent statutory provisions to the contrary, to impose whatever conditions it wishes on its obligations, so long as such conditions do not offend public policy. Northam v. Metropolitan Life InsuranceCo., 231 Ala. 105, 163 So. 635 (1935); 29 Am.Jur. Insurance § 264. We find nothing violative of the Constitution or to the public policy of this state in the provision excluding the insured's spouse from coverage in *Page 337 
the policy before us. The judgment appealed from is, therefore, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.