Argued and submitted November 16, 1979,
reversed and remanded January 14, 1980

RAINEY,
*Appellant,*
*v.*
NORTHWESTERN NATIONAL
CASUALTY COMPANY,
*Respondent.*

(No. A7806-09715, CA 14459)

605 P2d 294

Michael J. Kavanaugh, Portland, argued the cause for appellant. With him on the brief was Lekas & Dicey, Portland.

James H. Marvin, Portland, argued the cause for respondent. With him on the brief was Schouboe, Marvin & Furniss, P. C., Portland.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges, and Tongue, Judge Pro Tempore.

BUTTLER, P. J.

Roberts, J., dissenting opinion.

**BUTTLER, P. J.**

In this action on an automobile insurance policy defendant's denial of coverage for damage to plaintiff's automobile was upheld. The facts are not in dispute and both parties filed Motions for Summary Judgment. The court granted defendant's Motion and denied plaintiff's. Plaintiff appeals. We reverse.

Plaintiff was issued an automobile insurance policy by defendant covering his 1976 Pontiac. In addition to other coverage, the policy afforded coverage for collision, theft and malicious mischief. It also included a Driver Limitation endorsement which excluded coverage when the car was being driven by any person under 25 years of age or by an unlicensed driver.

In the early morning hours of January 1, 1977, plaintiff's 15-year-old son took the Pontiac without the knowledge or permission of his parents, who were sleeping. He fell asleep at the wheel at about 4:00 a.m., after consuming an undetermined amount of beer, and struck two parked cars. Plaintiff's car was damaged in the amount of $3,347.62. There was no prior history of plaintiff's son using the family cars without the knowledge or permission of his parents except for one occasion.

Plaintiff filed a claim with defendant and coverage was denied. Plaintiff contends that his loss is covered under the collision, theft and malicious mischief coverages of the policy. Because we find the damage was covered by the theft provisions of the policy, we need not decide whether there was coverage under either of the other provisions.

Plaintiff's insurance policy provides coverage for loss due to "theft or larceny." Defendant denies that there is coverage under that provision under the circumstances present in this case[1] because, it contends,

---

[1] Defendant does not argue that the Driver Limitation endorsement for under 25 drivers applies to the theft coverage of the policy, and we conclude that it does not.

no theft or larceny, as those terms are used in the policy, occurred. The parties agree that plaintiff's son did not have permission to use the car when he took it. They also agree that he did not intend to deprive his parents of the car permanently, but only to take it for a ride and then return it. Defendant contends that without the intent to deprive the owner of the car permanently there is no theft or larceny.[2]

The rules for interpreting insurance policies are well established. If the language is unambiguous the terms must be given their plain and ordinary meaning. *Twilleager v. N. A. Accident Ins. Co.,* 239 Or 256, 397 P2d 193 (1964); *Inglis et ux v. Gen. Casualty Co.,* 211 Or 116, 316 P2d 546 (1957). If, however, the language is susceptible of more than one construction, the policy should be construed most favorably to the policy holder. *O'Neill v. Standard Insurance,* 276 Or 357, 554 P2d 997 (1976); *Baker v. Unigard Ins. Co.,* 269 Or 204, 523 P2d 1257 (1974); *American Econ. Ins. v. Commons,* 26 Or App 153, 552 P2d 612 (1976).

The court, in *Nugent v. Union Auto Ins. Co.,* 140 Or 61, 13 P2d 343 (1932), held that the term "theft" was not synonymous with the term "larceny" as defined by statute but, being capable of different constructions, must be taken in the sense most favorable to the insured. That case involved a question as to the difference between larceny and obtaining property by false pretenses. The court found that the taking was felonious and was covered by the theft coverage of the insurance policy even though it was not technically larceny. In doing so, the court relied on its perception of what "the ordinary individual" would consider to be a theft against which he was insured.

The taking which occurred in this case comes under the criminal code definition of "unauthorized use of a

---

[2] Defendant contends that, even if a stranger took an insured's car without permission but had only the intent to take a "joyride," the policy would not provide coverage under the theft provisions if the car were damaged as a result of that taking.

vehicle" and is a Class C felony. ORS 164.135. It seems reasonable that to the ordinary individual the taking of a car of another without permission is a theft in the general sense of the term. At least the term is suscept-ible to that interpretation. It was held in *Gowans v. N. W. Pac. Indem. Co.,* 260 Or 618, 489 P2d 947, 491 P2d 1178, 46 ALR3d 398 (1971), that if there is "any reasonable doubt as to the meaning" of the terms of an insurance policy that doubt will be resolved against the insurer and in favor of the insured. 260 Or at 620. Here, there is a reasonable doubt as to whether the term "theft" includes the unauthorized use of an auto-mobile and we resolve that doubt, as we must, in favor of the insured. *See P. E. Ashton Company v. Joyner,* 17 Utah 2d 162, 406 P2d 306 (1965). *Cf.* Annotation, 48 ALR2d 44-47 (1956).

The insurer contends that even if the word "theft" is so interpreted plaintiff's loss should not be covered because the "thief" was his son. Nothing in the policy contains such an exception or exclusion from cov-erage.

Because the parties agree there is no issue as to a material fact, plaintiff's motion for summary judg-ment should be granted. However, in his complaint plaintiff sought attorney fees, presumably pursuant to ORS 743.114. From the record before us we are unable to determine whether he is entitled to attorney fees and, if so, in what amount. Therefore, on remand that determination must be made.

Reversed and remanded.

---

[3] ORS 743.114 provides:

"If settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon."

**ROBERTS, J.,** dissenting.

I reject both the result of the opinion and the reasoning behind it and therefore dissent.

While the policy provides for collision coverage, it also includes a Driver Limitation endorsement which excludes coverage when the car is being driven by any person under 25 years of age. Therefore, there was no collision coverage and in order to find that the insured was covered under the policy it is necessary to find that a theft occurred; I cannot accept the majority's conclusion that the son committed a theft in taking the car.

The majority relies on *Nugent v. Union Auto Ins. Co.,* 140 Or 61, 13 P2d 343 (1932), for the proposition that the test of whether a theft has been committed should be "what 'the ordinary individual' would consider to be a theft against which he was insured." 44 Or App 46. Applying this test, I conclude that the ordinary individual would not consider a theft to have occurred when a car is temporarily taken and used by a minor child of the owner. Under the circumstances of this case, I conclude that no theft occurred and that no coverage is provided. I would affirm the trial court.