Argued and submitted March 6,
reversed and remanded June 1, 1981

WRIGHT,
*Appellant,*
*v.*
TRANSAMERICA TITLE INSURANCE
COMPANY,
*Respondent.*

(No. 80-492, CA 18643)

628 P2d 785

David A. Dorsey, Coos Bay, argued the cause for appellant. With him on the briefs were Roger Gould, and Bedingfield, Joelson and Gould, Coos Bay.

Robert Harris, Portland, argued the cause for respondent. With him on the brief was Delo, Howe & Harris, Portland.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

Thornton, J., specially concurring.

**VAN HOOMISSEN, J.,**

Plaintiff appeals the entry of summary judgment in favor of defendant in this contract action for damages under a title insurance policy. We review the record in the light most favorable to the plaintiff and find that summary judgment should not have been allowed. ORCP 47(C); *Yartzoff v. Democrat-Herald Publishing Co.,* 281 Or 651, 655, 576 P2d 356 (1978). We therefore reverse and remand.

Plaintiff purchased real property in Coos County, title to which was insured by defendant. Included in the title insurance policy was the following legal description:

> "A parcel of land in the NW and SW quarters of the SE quarter of Section 35, Township 25 South, Range 12 West of the Willamette Meridian, Coos County, Oregon, more particularly described as follows: Beginning at a point which is South 53 degrees 52' West *230 feet to a 5/8" iron rod* located on the NW bank of Daniels Creek and which rod is 1241 feet North and 3041.17 feet East of the SW corner of said Section 35, thence South 53 degrees 52' West 230 feet to said rod, thence upstream along the center of Daniels Creek to a point which is South 53 degrees 52' West 230 feet of said rod, thence South 62 degrees East to the Eastern boundary of said SW quarter of the SE quarter of Section 35, thence North along said boundary to a point that bears South 62 degrees East from said iron rod, thence further North along said boundary to a point that bears South 62 degrees East from the point of beginning, thence North 62 degrees West to the point of beginning." (Emphasis supplied. )

Both parties argue that this legal description is unambiguous. They nevertheless reach opposite conclusions as to what the description means. Plaintiff claims that "South 53 degrees 52' West 230 feet to a 5/8" rod" means that the starting point of the description is 230 feet northeast of the rod. If plaintiff is correct, this would include 8.48 acres to which plaintiff did not receive good title, that acreage being owned by a third person not a party to this action. Plaintiff contends that defendant is liable for his "loss" of that acreage. Defendant claims that "to the rod" means "in relation to" or "from" the rod and that the starting point is 230 feet southwest of the rod. If defendant is correct, the 8.48 acres are not included in the

legal description and thus are not covered by the title insurance policy.

The trial court found the legal description was ambiguous, yet found that a reasonable interpretation did not include the 8.48 acres in dispute. In *Timberline Equip. v. St. Paul Fire and Mar. Ins.,* 281 Or 639, 643, 576 P2d 1244 (1978), the Supreme Court said:

> "As a general rule the construction of a contract, including an insurance contract, is a question of law. *May v. Chicago Insurance Co.,* 260 Or 285, 292-94, 490 P2d 150 (1971). The exception to this rule is that if the language of the contract is ambiguous, or if technical words, local phrases or terms of art are used and evidence is properly admitted showing meaning, the question becomes one of fact. *Libby Creek Logging, Inc. v. Johnson,* 225 Or 336, 339, 358 P2d 491 (1960)."

We agree with the trial court that the legal description of the property is ambiguous. The question, therefore, is one of disputed fact, and it was error for the trial court to grant summary judgment.

Reversed and remanded.

**THORNTON, J.,** specially concurring.

I agree that it was error to grant defendant's motion for summary judgment, but contrary to the prevailing opinion, I would reverse and remand for entry of an order granting plaintiff's motion for summary judgment.

The property description in issue was ambiguous on its face. The trial court so found. The prevailing opinion says so too. I agree. The real and only question in this case is whether the defendant title company can be held liable on a defective description. For reasons which follow, I conclude that the ambiguity in this description is a risk that the title company must shoulder. Stated differently, so long as the description can reasonably be read two ways, then the defendant insurance company, having accepted the description and incorporated it in the contract in this form, is liable.

While it may be argued that defendant should not be held liable on a description that is ambiguous as a

matter of law, I believe that, given the facts of this case, the better rule is to require that the insurance carrier assume this liability. A title guaranteeing contract is one of insurance and is governed for purposes of construction by rules applicable to other insurance contracts. *De Carli v. O'Brien,* 150 Or 35, 41 P2d 411, 97 ALR 693 (1935). It is a well settled principle of insurance law that insurance contracts are construed liberally in favor of the insured. *O'Neill v. Standard Insurance,* 276 Or 357, 361, 554 P2d 997 (1976).

When an insurance policy is reasonably susceptible of more than one construction, it should be construed most favorably to the policy holder. *Rainey v. Northwestern Nat. Gas Co.,* 44 Or App 43, 605 P2d 699 (1980). Why should not a title company have the burden of finding such a supposed ambiguity before it takes the policy holder's premium payment and issues the policy?

For the reasons stated above, I do not think the rationale offered in the last sentence of the prevailing opinion, namely, "* * * the legal description of the property is ambiguous. The question, therefore, is one of fact, and it was error for the trial court to allow summary judgment * * *," is the proper basis on which to rest the opinion. In my view the question is one of law, not fact.