This is an appeal from a summary judgment entered in favor of Allstate Insurance Company in a declaratory judgment action. Allstate filed a complaint seeking to determine if it was obligated to defend an action filed against its insured by Michael Craig Hooper or to pay any judgment rendered for Hooper. Hooper claimed damages for injuries he received when he was shot by an individual insured under an Allstate homeowner's policy. The only question presented is whether an exclusion in that homeowner's policy, which excluded coverage for injuries that could reasonably be expected to result from criminal acts by individuals insured under the policy, is ambiguous.
Hooper was at the home of his friend, James Mize. Hooper and Mize, who had been drinking, were discussing a possible hunting trip. Mize, while handling a shotgun, accidentally fired it, striking Hooper in the lower half of his face and severely injuring him. At the time of the shooting, Mize and his parents were insured under an Allstate homeowner's policy that contained the following exclusion:
"LOSSES WE DO NOT COVER:
 "1. We do not cover any bodily injury or property damage which may reasonably be expected to result from the intentional or criminal acts of an insured person or which are in fact intended by an insured person."
Hooper filed a complaint against Mize and his parents, alleging that Mize's negligence or wantonness, coupled with his parents' negligence in entrusting the shotgun to him, proximately caused Hooper's injuries. Hooper also filed a criminal complaint against Mize. As a result of that criminal complaint, Mize was indicted for first degree assault. Mize pleaded guilty to second degree assault and received a sentence of five years' probation.
After the judgment of conviction was entered against Mize, and while Hooper's civil action against Mize was pending, Allstate filed a complaint for a declaratory judgment, naming Hooper and Mize as defendants. Allstate sought a declaration that, because of the exclusion in the homeowner's policy, it had no contractual obligation to defend or to pay any judgment rendered against Mize. Allstate later filed a motion for summary judgment, which the trial court granted.[1] Hooper appeals from that judgment, arguing that the exclusion was ambiguous and therefore unenforceable.
This Court has held that insurance companies have the right to limit the coverage offered through the use of exclusions in their policies, provided that those exclusions do not violate a statute or public policy. Ex parte O'Hare, 432 So.2d 1300
(Ala. 1983); Bell v. Travelers Indem. Co. of America,355 So.2d 335 (Ala. 1978); Aetna Ins. Co. v. Pete Wilson Roofing HeatingCo., 289 Ala. 719, 272 So.2d 232 (1972). If an individual purchases a policy containing an unambiguous exclusion that does not violate a statute or public policy, courts will enforce the contract as written. Johnson v. Allstate Ins. Co.,505 So.2d 362, 365 (Ala. 1987).
Hooper's argument that the exclusion is ambiguous is premised on his assertion that the placement of the phrase "or criminal acts" between two phrases that address intentional conduct makes the clause susceptible to an interpretation that the only criminal acts that would be excluded from coverage are intentional criminal acts. We do not agree, and we hold that the clause is unambiguous. In reaching that conclusion, we note that the words "criminal acts" are not modified by any descriptive culpability requirement and that the clauses of the exclusion are phrased in the disjunctive. Therefore, no coverage is provided for bodily injury or property damage:
 (1) which may reasonably be expected to result from the intentional acts of an insured person, or
 (2) which may reasonably be expected to result from the criminal acts of an insured person, or *Page 1003 
 (3) which is in fact intended by an insured person.
A number of other jurisdictions have held that the same exclusion was unambiguous and excluded coverage for injuries resulting from criminal acts by the insured, regardless of whether the insured intended to commit the act or to cause the harm. Allstate Ins. Co. v. S.L., 704 F. Supp. 1059, 1060
(S.D.Fla. 1989), aff'd, 896 F.2d 558 (11th Cir. 1990); AllstateIns. Co. v. Travers, 703 F. Supp. 911, 915 (N.D.Fla. 1988);Allstate Ins. Co. v. Foster, 693 F. Supp. 886, 889
(D.Nev. 1988); Allstate Ins. Co. v. Talbot, 690 F. Supp. 886,889 (N.D.Cal. 1988); Allstate Ins. Co. v. Roelfs, 698 F. Supp. 815,822 (D.Alaska 1987); Allstate Ins. Co. v. Schmitt,238 N.J. Super. 619, 570 A.2d 488, 492 (App.Div. 1990); AllstateIns. Co. v. Sowers, 97 Or. App. 658, 776 P.2d 1322, 1323
(1989).
We also reject Hooper's allegations that the exclusion contravenes public policy or is unconscionable. As we noted earlier, insurance companies have the right to limit their liability and to write policies with narrow coverage.Johnson, supra. No public policy considerations dictate that an insurer must indemnify a third party for the criminal acts of an insured. Similarly, Hooper's claim that the exclusion is unconscionable is not well taken.
Because the exclusion unambiguously excluded coverage for injury or damage that might reasonably be expected to result from criminal acts by an insured, without a requirement that the acts be intentional or that the injury be intended, and because Mize's action fell squarely within that exclusion, Allstate was under no duty to defend Mize or to indemnify Hooper for his injuries. Allstate was therefore entitled to a judgment as a matter of law, and the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.
[1] Mize did not file any pleadings in the declaratory judgment action and Allstate obtained a default judgment against him. He has not joined Hooper in this appeal.