CRAWLEY, Judge.
Bobby Howard Seales was the named insured on a policy of automobile insurance issued by State Farm Mutual Automobile Insurance Company (State Farm). In 1988, State Farm advised Seales that it would not renew the policy, which covered Seales’s 1986 Dodge Ram pickup truck, unless Seales agreed to the following exclusion removing his son, Kelly Seales, as a driver covered under the policy:
*682 “In consideration of the premium charged for your policy it is agreed we shall not be liable and no liability or obligation of any kind shall attach to us for bodily injury, loss or damage under any of the coverages of the policy while any motor vehicle is operated by Kelly Seales.”
Seales signed the driver exclusion agreement and informed his son that he was not to drive the pickup truck. On May 29, 1992, Seales went out for the evening in another vehicle and took the keys to the pickup truck with him. While Seales was gone, Kelly Seales drove the pickup truck and wrecked it. The vehicle was destroyed by fire, and Kelly Sea-les was badly burned in the accident.
Seales made a claim under his policy for the loss of the truck, and State Farm, relying on the driver-exclusion agreement, denied liability. Seales sued, and State Farm moved for a summary judgment. The trial court granted the motion. Seales appealed. The appeal is before this court by virtue of Ala.Code 1975, § 12-2-7(6).
Seales argues that the driver-exclusion agreement is ambiguous because it does not specify whether it excludes coverage for permissive use or for unpermissive use by his son. Because, Seales claims, the provision is ambiguous, it should be construed against State Farm and in his favor. Such a construction, according to Seales, would exclude coverage if Kelly Seales was driving the truck with permission but not if Kelly Seales was driving the truck without permission. Seales maintains that the trial court erred by granting State Farm’s motion for summary judgment because, he says, the dispositive issue was one of material fact: whether Kelly Seales was driving the truck with or without his father’s permission. Seales also contends that State Farm would have been liable, under the comprehensive coverage of the policy, which insured against loss of the vehicle by theft, if a stranger had stolen the truck and -wrecked it, so State Farm should be held to have insured against the wrongful act of his son who operated the vehicle without permission and wrecked it.
“[Ijnsurance companies have the right to limit the coverage offered through the use of exclusions in their policies, provided that those exclusions do not violate a statute or public policy.” Hooper v. Allstate Ins. Co., 571 So.2d 1001, 1002 (Ala.1990). “If an individual purchases a policy containing an unambiguous exclusion that does not violate a statute or public policy, courts -will enforce the contract as written.” Id. at 1002. See generally 12 Couch on Insurance M § 45:281 at 606-08 (Rev. ed. 1981).
Our Supreme Court has already determined that driver exclusion agreements like the one in this case are not ambiguous and do not violate the public policy of this state. In McCullough v. Standard Fire Ins. Co. of Alabama, 404 So.2d 637, 639 (Ala. 1981), the court observed, “The language of the endorsement is clear. It states simply that the insurance company is not liable if [the insured’s son] is operating or driving the vehicle involved in this accident.” See also Southern Guaranty Ins. Co. v. Rhodes, 46 Ala.App. 454, 243 So.2d 717 (Ala.Civ.App.1971). In Bell v. Travelers Indemnity Co. of America, 355 So.2d 335, 336 (Ala.1978), the court held that an endorsement excluding the husband as a driver under his wife’s policy of automobile insurance was “clear and unambiguous” and was not “violative of the Constitution or ... the public policy of this state.” Based on the holdings in McCullough and Bell, we conclude that the restrictive endorsement in this case was clear and unambiguous and did not violate public policy.
The remaining questions are (1) whether the driver exclusion applies if the son was driving without the insured’s permission and (2) whether the driver exclusion applies to the comprehensive coverage provision of the policy, specifically that portion insuring against theft of the vehicle. Although no reported Alabama decision has addressed those questions, the courts of other jurisdictions that have confronted the issues are in agreement that an endorsement excluding a named driver provides no coverage while the vehicle is being operated by the named driver, irrespective of whether that driver has the permission of the insured. See, e.g., Deutsch v. State Farm Mutual Auto. Ins. Co., 457 S.W.2d 823 (Mo.App. *683 1970); Taylor v. State Farm Ins. Co., 775 S.W.2d 370 (Tenn.App.1989).
In Deutsch v. State Farm Mutual Auto. Ins. Co., the policy excluded coverage if the vehicle was operated by the insured’s 17-year-old son. The Missouri court held that the insurance company had no obligation to pay a claim for damages arising out of a collision that occurred while the son was driving, even though the father had refused to give his son permission to drive the automobile, and even though the father “took measures to prevent the son from driving by putting a chain with a lock on the steering wheel and shift.” Deutsch, 457 S.W.2d at 824. Answering the father’s argument that “the policy’s exclusionary provision [was] not applicable ... because the operation of the automobile by the [son] was without the [father’s] consent,” the court observed: “[T]he consent element is immaterial. Consent of the parent is not made part of the exclusionary provision.” Deutsch, 457 S.W.2d at 826.
In Taylor v. State Farm Ins. Co., the Tennessee court held that the insurer had no obligation, under a policy endorsement identical to the one in this case, when the insured’s son stole his mother’s car, destroyed it in a one-car accident, and was arrested at his mother’s insistence for theft of the vehicle. Responding to the mother’s argument that the exclusionary endorsement did not apply unless her son operated the car with her consent, the Tennessee court held:
“There is nothing in the exclusionary endorsement from which it can even be argued that the exclusion applies only when [the son] is operating the vehicle with permission. [The mother] was fully aware of the endorsement. She agreed when she accepted the policy with the endorsement that State Farm would not be liable or have any obligation ‘under any coverage of the policy’ when the vehicle was operated by [the son].
“‘Any coverage of the policy1 encompasses all coverages of the policy. This includes theft, rental, and uninsured motorist coverage.”
Taylor v. State Farm Ins. Co., 775 S.W.2d at 372 (emphasis in original). The observations of the Tennessee court also apply here. Sea-les was fully aware of the endorsement, and he knew that State Farm would not be liable if the vehicle were operated by his son. In his deposition testimony, Seales answered “yes” to the question, “Was it your understanding that if Kelly drove the truck that there wouldn’t be any insurance?” The reduction in coverage was part of the bargained-for agreement to renew the policy. “[T]he purpose of the driver-exclusion endorsement ... is to enable households that include a family member who has a poor driving record to obtain insurance at a reasonable cost by excluding the poor driver.” Dairyland Ins. Co. v. State Farm Mutual Auto. Ins. Co., 882 P.2d 1143, 1146 (Utah 1994).
Seales relies upon Rainey v. Northwestern Nat’l Cos. Co., 44 OApp. 43, 605 P.2d 294 (1980), a case in which the policy did not contain a named driver exclusion. Instead, it had a driver limitation endorsement that excluded coverage when the car was being driven by any person under 25 years of age or by an unlicensed driver. The Oregon court determined that the insurance company was liable, under the theft provisions of the policy, when the insured’s 15-year-old son took his parents’ car joyriding and had an accident. But see State Farm Mutual Auto. Ins. Co. v. Coughran, 303 U.S. 485, 58 S.Ct. 670, 82 L.Ed. 970 (1938) (wherein the Court held that the insurer was not liable, under a policy exclusion for unlicensed drivers, for damages caused by an underage and unlicensed driver who operated the vehicle without the insured’s permission, contrary to the insured’s command and in violation of state law).
In Rainey, the Oregon court held that “[n]othing in the policy contains ... an exception or exclusion from coverage [if] the ‘thief was [the insured’s] son.” Rainey, 44 Or.App. at 47, 605 P.2d at 296. Here, the policy contains a specific exclusion for the son. Like the Tennessee court in Taylor v. State Farm Ins. Co., we hold that that exclusion applies to all coverages of the policy.
The implied holding of Rainey is that an exclusion that does not name an individual is as least ambiguous as to whether it applies to an unauthorized use. We simply do not *684 have that kind of exclusion before us, and we express no opinion about the circumstances under which it might apply.
“The determination of whether a provision of an insurance policy is ambiguous is a question of law for the court.” Hutchinson v. Attorneys Ins. Mut. of Alabama, Inc., 631 So.2d 975, 976 (Ala.1994). The endorsement to the policy in this case was not ambiguous, and Seales’s consent or lack of consent to his son’s use of the vehicle was immaterial under the specific terms of this insurance contract. Therefore, the trial court correctly determined that “there [was] no genuine question as to any material fact and that [State Farm was] entitled to a judgment as a matter of law.” See Rule 56(c), Ala.R.Civ.P. The judgment of the trial court is affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.
MONROE, J., concurs specially.
ROBERTSON, P.J., dissents.