ROBERTSON, Presiding Judge,
dissenting.
I disagree with the majority’s holding that the exclusion agreement in this case was not ambiguous and does not violate public policy based on McCullough v. Standard Fire Ins. Co. of Alabama, 404 So.2d 637 (Ala.1981) and Bell v. Travelers Indemnity Co. of America, 355 So.2d 335 (Ala.1978). The facts in this case are different from the facts in McCullough and Bell, where the excluded persons were permissive drivers of the insured. In this case, the excluded person was not a permissive driver; therefore, this issue is one of first impression for the Alabama appellate courts.
I think it is reasonable for an insured to believe that the comprehensive coverage provision of a policy would be effective even if the insured vehicle was stolen and destroyed by a person otherwise excluded from coverage for permissive use. In my opinion, the exclusion agreement is ambiguous in that regard and may violate the public policy of this state under certain fact situations. Therefore, I respectfully dissent.