110 F.3d 67
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ALLSTATE INSURANCE COMPANY, an Illinois corporation,
Plaintiff-Appellee,
v.
Richard A. DUNFEE and Debra A. Dunfee, husband and wife, Defendants,
and
Sandy Mills, as next best friend of Carol Ann Mills and
Scott Mills; Carol Elizabeth Gilliam, as next
best friend of Brandy Mills and James V.
Mills; and Joanna Gibson,
Defendants-Appellants.
 No. 96-15202.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 14, 1997.
Decided March 24, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Sandy Mills and others appeal the district court's summary judgment in favor of Allstate Insurance Company (Allstate) in Allstate's declaratory judgment action seeking a declaration that it had no duty under a homeowner's policy to defend and indemnify its insured, Richard Dunfee, in connection with an incident in which Dunfee shot and killed Donald Mills. We affirm the district court.
 
 
 3
 1. Allstate's Duty to Indemnify.
 
 
 4
 Appellants make two arguments why the exclusion for intentional or criminal acts in Dunfee's homeowner's policy does not exclude coverage for Dunfee's shooting of Mills. First, Appellants argue that the exclusion is ambiguous and public policy concerns dictate that it should be construed to cover Dunfee's shooting. Second, Appellants argue that, even if the exclusion is unambiguous, Dunfee had a reasonable expectation of coverage for incidents such as his shooting of Mills.
 
 
 5
 The district court ruled that the exclusion for "bodily injury ... intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of any insured person" was unambiguous. Appellants argue that there is an ambiguity because it is unclear whether a subjective or objective standard governs the phrase "which may reasonably be expected." However, this exclusion applies even if the "insured person lacks the mental capacity to govern his or her conduct." Therefore, reasonable expectations must be determined using an objective standard and the district court correctly determined that the exclusion is unambiguous.[1]
 
 
 6
 The district court rejected Appellants' reasonable expectations argument finding that Appellants had "not submitted any evidence as to what (if any) expectations the insured had as to insurance coverage for his own criminal conduct" and that "[i]t would not be objectively reasonable to expect coverage based on the facts of this case."
 
 The Arizona Supreme Court has stated:
 
 7
 Of course, if not put in proper perspective, the reasonable expectations concept is quite troublesome, since most insureds develop a "reasonable expectation" that every loss will be covered by their policy. Therefore, the reasonable expectation concept must be limited by something more than the fervent hope usually engendered by loss. Such a limitation is easily found in the postulate contained in Corbin's work that the expectations to be realized are those that "have been induced by the making of a promise."
 
 
 8
 Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co., 682 P.2d 388, 395 (Ariz.1984) (quoting 1 Corbin, Contracts § 1 at 2 (1963)). Appellants submitted Dunfee's deposition testimony from the wrongful death action to the district court. Dunfee testified that the Allstate agent told him that his homeowner's policy would cover "an accident which occurred in [his] home." The parties dispute the admissability of Dunfee's deposition in the proceeding. Regardless of its admissability, the testimony does not establish that Dunfee had a reasonable expectation that his drunken killing of a friend would be covered by his homeowner's policy. The district court did not err in finding that the exclusion was not contrary to the reasonable expectation of the insured.
 
 
 9
 2. Certification to the Arizona Supreme Court.
 
 
 10
 Appellants argue that the district court erred in denying their motion to certify the question of the proper interpretation of the exclusion to the Arizona Supreme Court. The district court ruled that the exclusion was unambiguous. Thus the district court did not abuse its discretion when it denied the motion to certify.
 
 CONCLUSION
 
 11
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Many state courts when considering similar exclusions have found them to be unambiguous. See Hooper v. Allstate Ins. Co., 571 So.2d 1001, 1002-1003 (Ala.1990) and cases cited therein