On Application for Rehearing
The opinion of November 5, 1999, is withdrawn, and the following is substituted therefor.
Alfa Mutual General Insurance Company ("Alfa") filed a declaratory-judgment action, seeking a declaration that it was not obligated to pay Darren W. Turvin and Deanna C. Turvin, its insureds under an automobile-insurance policy, for the loss of their truck, which had been stolen. The Turvins answered and counterclaimed, alleging breach of contract and bad-faith refusal to pay. The circuit court entered a summary judgment for Alfa on all claims. The Turvins appealed to the Alabama Supreme Court. That court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975. We affirm.
Darren Turvin is the sole proprietor of Precision Metal Works, a steel fabricating company in Dothan. In 1998, Darren's father, Donnell Turvin, was employed by the company. In early August 1998, while Darren was in Florida supervising a Precision Metal job, Donnell Turvin used his personal vehicle to transport some Precision Metal workers to another job in New Orleans, Louisiana. Donnell had planned to remain in New Orleans until the job there was completed; he was then to transport the workers back to Dothan in his personal vehicle. Donnell left Louisiana, however, before the job was finished to return to Dothan for a family emergency. On the way home, he experienced mechanical trouble with his vehicle. When he arrived in Dothan, Donnell took his vehicle to a repair shop, contacted his daughter-in-law Deanna Turvin, and asked her if he could borrow Darren's truck, the vehicle insured under the Alfa policy at issue in this case. Deanna told Donnell that he could.
Deanna said that, before giving Donnell permission to use the truck, she did not ask him (and he did not tell her) what he intended to do with the vehicle. Deanna admitted that, when she told Donnell that he could borrow the truck on a Thursday night, she "knew the [Precision Metal] employees [working in New Orleans] had to come home [the next day] on Friday," but she said she did not ask Donnell how the workers were going to get home. She testified, "I didn't know if [Donnell] had *Page 599 
made other arrangements. I mean, I don't ask."
On Friday, Donnell drove to Louisiana in Darren's truck, picked up the workers at the job site, and spent the night in Slidell, Louisiana, expecting to return to Dothan the next day. When Donnell woke up Saturday morning, the truck was gone. Donnell telephoned the police and then telephoned Deanna to inform her that Darren's truck had been stolen. The Turvins filed a claim under their automobile insurance policy, which provided comprehensive coverage. Alfa denied the claim upon two grounds, namely: (1) that it had no contractual obligation to provide coverage for the theft of the truck because, it said, such a loss fell within a policy exclusion, and, alternatively, (2) that Darren Turvin had failed to comply with a condition precedent to coverage — that he submit to an examination under oath.
Endorsement Five to the Turvins' policy states:
 "If this endorsement is shown on your declaration, you agree with us that your covered car will only be operated within a fifty-mile radius of where the covered car is principally garaged, except for the occasional use of the covered car for personal, pleasure or family purposes beyond the fifty-mile radius. You also agree that the covered car will not be used for hire."
The evidence was undisputed that the Turvins live (and that the truck was principally garaged) in Dothan, Alabama; that the truck was stolen in Slidell, Louisiana; and that Slidell is more than 50 miles from Dothan. Endorsement Five excludes coverage for a vehicle operated outside a 50-mile radius of Dothan, except for the occasional use of the vehicle for "personal, pleasure or family purposes." The policy does not define the term "personal, pleasure or family purposes."
The Turvins argue that Deanna's lending the insured vehicle to her father-in-law constitutes a "family purpose" within the meaning of the endorsement, especially when, the Turvins contend, Deanna had no knowledge that her father-in-law would put the vehicle to a use excluded from coverage. Alfa argues that Endorsement Five excludes coverage because Donnell's use of the truck was for a business purpose, not for a "personal, pleasure or family purpose."
"[I]nsurance companies have the right to limit the coverage offered through the use of exclusions in their policies, provided that those exclusions do not violate a statute or public policy." Hooper v. Allstate Ins. Co., 571 So.2d 1001, 1002 (Ala. 1990). "If an individual purchases a policy containing an unambiguous exclusion that does not violate a statute or public policy, courts will enforce the contract as written." Id. at 1002. See generally 12 Couch on Insurance 2d § 45:281 at 606-08 (2d ed 1981).
 "It is well recognized that ambiguities in an insurance contract are to be resolved in favor of the insured and that exceptions to coverage must be interpreted as narrowly as possible in order to provide maximum coverage to the insured. It is equally recognized that if the policy terms are plain and free from ambiguity, then there is no room for construction and it is the court's duty to enforce the policy as written."
Amerisure Ins. Companies v. Allstate Ins. Co., 582 So.2d 1100,1101 (Ala. 1991) (citations omitted). "The determination of whether a provision of an insurance policy is ambiguous is a question of law for the court." Hutchinson v. Attorneys Ins.Mut., 631 So.2d 975, 976 (Ala. 1994). We conclude that the phrase "personal, pleasure or family purposes" is not ambiguous and that Donnell Turvin's trip to Louisiana was not covered by its terms. We think it is clear beyond question that transporting workers home from an out-of-state job site is a "business purpose" rather than a "personal, pleasure or family purpose." Accordingly, we hold that Donnell's driving the truck beyond a 50-mile radius of Dothan was, as a matter of law, a violation of the restriction in Endorsement Five. "An automobile which is insured solely for private *Page 600 
or pleasure purposes is not covered when used in the business of either the insured or his employer." 6B Appleman, Insurance Law Practice, § 4326 (Buckley ed. 1979). See Western Cas. Sur. Co. v. Verhulst, 471 S.W.2d 187, 189 (Mo. 1971).
 "The use of an automobile for business purposes is in direct violation of and breaches a policy expressly providing that the automobile [is] to be used for private pleasure only."
Couch on Insurance 2d § 45:97 at 335 (2d ed. 1981). "When coverage is limited to harm arising in connection with a particular. . . use, it necessarily follows that the harm sustained when the automobile is not so used is not covered by the policy."Id., § 45:89 at 329. The fact that Deanna Turvin may not have known or approved of Donnell's intended use of the truck is immaterial. Cf. Seales v. State Farm Mut. Auto. Ins. Co.,671 So.2d 681 (Ala.Civ.App. 1995) (holding that an endorsement excluding coverage when the vehicle is driven by a named driver provides no coverage if the vehicle is being operated by the named driver, irrespective of whether the driver has the insured's permission to be driving). Because of our holding on this issue, we need not address the question whether Darren Turvin failed to comply with a condition precedent to coverage.
The judgment of the Houston Circuit Court is affirmed.
OPINION OF NOVEMBER 5, 1999, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; RULE 39(k) MOTION DENIED; AFFIRMED.
THOMPSON, J., concurs.
YATES and MONROE, JJ., concur in the result.
ROBERTSON, P.J., concurs in the result only.