This is an appeal from a summary judgment in favor of appellee, Standard Fire Insurance Company, Rule 54 (b), ARCP We affirm
Standard Fire Insurance issued an automobile insurance policy to Betty Lou Steele. The policy included liability and uninsured motorist coverage. However, the policy was subject to an endorsement, signed by Mrs. Steele, which excluded the company from liability while her son, Robert Steele, was driving the automobile. The endorsement is as follows:
 In consideration of the continuation of this policy in force by the Company it is hereby agreed that, with respect to such insurance as is afforded the Company shall not be liable for loss, damage, and/or liability caused while the automobile described in the policy or any other automobile to which the terms of the policy are extended is being driven or operated by the following named person:
STEELE ROBERT DARRELL
Appellant's son, a passenger in the Steele auto, was killed when the car, driven by Robert Steele, was involved in a head-on collision. Appellant brought suit against several defendants, including Standard Fire. The basis of the claim against Standard Fire was the uninsured motorist provisions of Mrs. Steele's policy
Appellant states the question to be "whether or not, the restrictive endorsement contained in the liability insurance policy issued herein, was effective to cut off any uninsured motorist coverage running to the benefit of plaintiff's decedent, a passenger in said insured auto." In answering this question, the trial judge stated:
 After due consideration of arguments and briefs and the undisputed facts the Court finds the case of Southeast Title Insurance Co. v. Thompson, 231 So.2d 201 (Fla. 1970), to be the most persuasive. The plaintiff's son was not an insured, he did not live within the household. This Court knows of no law that gives the right to a stranger to a policy of insurance the right to presume that the car in which he rides is covered by the provisions of an uninsured motorist coverage policy. In effect, the position of the plaintiff in this case is that the exclusory endorsement is valid as to liability coverage and therefore the driver, Robert Darryl [sic] Steele, was an uninsured, and then takes the position that the endorsement excluding liability is not applicable to the uninsured motorist coverage. This Court is not satisfied that such is the law of this state
The Supreme Court of Florida in Southeast Title adopted the dissenting opinion of Judge Swann of the District Court of Appeals. Although Southeast Title did not involve exactly the same facts as are presented here, we find the reasoning used therein persuasive
As Judge Swann stated, to uphold the exclusion would not violate public policy. It has been held that "the purpose of the Uninsured Motorist Act, and thus the public policy of the State as to this matter, [is] that Alabama citizens purchasing *Page 639 automobile liability insurance be able to obtain for an additional premium the same protection against injury or death at the hands of an uninsured motorist as they would have had if that motorists had obtained for himself the minimum liability coverage required by the Safety Responsibility Act" (emphasis added). Higgins vNationwide Mutual Insurance Co., 50 Ala. App. 691,282 So.2d 295, aff'd, 291 Ala. 462, 282 So.2d 301 (1973)
Although the statute, Code 1975, § 32-7-23, provides that no automobile liability insurance shall be delivered or issued for delivery without uninsured motorist coverage, it also allows the insured to reject the coverage. Hence, the coverage spoken to in § 32-7-23 is not mandatory, and the failure to carry the coverage does not violate the public policy of this State
The insurance policy bought by Mrs. Steele did not provide any coverage when her son, Robert Steele, was driving the car The coverage excluded Robert Steele entirely. The appellant contends the exclusion extended to the liability coverage only This puts the appellant in the position, as noted by the trial judge, of using the exclusion to show Robert Steele was uninsured, yet claiming the exclusion only applied to the liability coverage. We cannot agree with this contention
The statute specifically provides for the insured to reject coverage. That is exactly what Mrs. Steele has done, except she did not reject it entirely but only as to her son. We find nothing wrong with this. Had Mrs. Steele wanted to reject uninsured motorist coverage altogether she could have done so It would seem to us that a partial rejection of the coverage should be no different
The language of the endorsement is clear. It states simply that the insurance company is not liable if Robert Steele is operating or driving the vehicle involved in this accident
Having decided that there was no uninsured motorist coverage upon which the appellant could base a claim against Standard Fire, we hold the judgment of the trial court granting Standard Fire's summary judgment is due to be affirmed
AFFIRMED
TORBERT, C.J., and FAULKNER, BEATTY and ADAMS, JJ., concur