ALMON, Justice.
This appeal involves the rights of a mortgagee under an insurance policy. The trial court granted declaratory judgment in favor of the insurer as against the insured and in favor of the insured’s mortgagee as against the insurer and awarded the mortgagee a money judgment in the amount of $31,634.77. The only issue is whether a driver exclusion endorsement precludes recovery by the mortgagee, notwithstanding the mortgagee’s status as a loss payee under a standard mortgage clause.
John M. Hollingsworth, the insured, is a trucker and owns several trucks, including a 1981 Kenworth tractor. He financed the purchase of the Kenworth with Associates Commercial Corporation, the appellee in this action.
During 1984, Hollingsworth was having difficulty keeping insurance on his trucks. The policies that he had on the trucks were cancelled because, among other reasons, Hollingsworth and one of his drivers, Jerry Wayne Sexton, had bad driving records. Hollingsworth contacted David Rutherford, an insurance agent employed by Sealy Insurance Agency, Inc., who quoted a price for the needed coverage, but it was more than Hollingsworth could pay. Rutherford then discussed with Hollingsworth the possibility of obtaining insurance with Holl-ingsworth and Sexton excluded as drivers from the coverage. Subsequently, Holl-ingsworth purchased a policy from International Surplus Lines Insurance Company, the appellant in this action. The policy contained the following endorsement:
“EXCLUDING SPECIFIED DRIVERS ENDORSEMENT
“It is agreed that such insurance as is afforded by the terms of this policy does not apply while any covered automobile is being personally driven by any one of the following individuals:
“John M. Hollingsworth
“Jerry Wayne Sexton”
In addition, the policy contained a “Loss Payable Clause” naming Associates as the loss payee. This clause stated, in part, that “the interest of the ... Mortgagee ... shall not be invalidated by any act or neglect of the ... Mortgagor, Owner of the within described automobile, or other Debt- or. ...”
On October 18, 1984, Jerry Wayne Sexton was driving the Kenworth and collided with a train. The Kenworth was damaged extensively. International was notified of the loss and, after investigating it under reservation of rights, filed the present action to have the trial court declare the rights, obligations, and liabilities of the parties under the policy. Hollingsworth and Associates each filed counterclaims against International.
*1327 The trial court declared that International was not obligated to afford Hollings-worth collision or physical damage coverage for the accident, but was obligated to afford such coverage to the mortgagee (Associates). The trial court also awarded Associates a money judgment against International on the policy in the amount of $31,634.77, the amount of physical damage or loss to the insured vehicle as fixed by agreement of the parties.
International argues that the driver exclusion endorsement precludes recovery by Associates, notwithstanding the status of Associates as a loss payee under a standard mortgage clause.
This Court has held that when an automobile insurance policy contains an excluded driver endorsement and that person, while driving, has an accident, the insured may not recover from the insurance company. McCullough v. Standard Fire Ins. Co. of Alabama, 404 So.2d 637 (Ala.1981). That case, however, did not reach the issue of whether a mortgagee may recover from the insurer.
Under a standard mortgage clause “an independent or separate contract or undertaking exists between the mortgagee and the insurer, which contract is measured by the terms of the mortgage clause itself. There are accordingly in substance two contracts of insurance, the one with the mortgagee, and the other with the mortgagor.” 10A Couch on Insurance 2d (Rev. ed.) § 42:728 (1982); see also, 5A Appleman and Appleman, Insurance Law and Practice § 3401 (1970). Furthermore, “While all clauses of an insurance contract should be construed together, and the provisions of a mortgage clause must be read together and harmonized with the balance of the policy when reasonably possible, the mortgage clause must prevail in the case of an irreconcilable conflict between it and other provisions of the policy. That is, insofar as the provisions of the policy are inconsistent with and antagonistic to the clause protecting the interest of the mortgagee, they must be regarded as inapplicable in determining his rights.” Couch, supra, § 46:720.
In Ingersoll-Rand Fin. Corp. v. Employers Ins. of Wausau, 771 F.2d 910 (5th Cir.1985), cert. denied, 475 U.S. 1046, 106 S.Ct. 1263, 89 L.Ed.2d 573 (1986), the court stated:
“Where the issue has been squarely presented, the modern decisions are unanimous, and the earlier decisions virtually so, in holding that a mortgagee under a standard mortgage clause may (where not guilty himself of any breaches of policy conditions) recover from the insurer for a loss sustained by the mortgaged property, even though the risk be excluded from the policy coverage, where any act of the mortgagor has caused or contributed to the loss as resulting from an excluded risk; and even though as between the mortgagor-insured and the insurer there is no coverage because of some default by the mortgagor.”
Id. at 913 (citations omitted).
The court went on to summarize the rationale of these decisions as follows:
“The provision in the standard mortgage clause that with respect to the mortgagee the insurance shall not be invalidated by any act of the mortgagor does ‘not refer merely to acts prohibited by the contract or to failure to comply with the terms thereof, but literally embrace[s] any act of the mortgagor’ that leads to impairment of the mortgagee’s insurance protection afforded by the clause. 10 Couch on Insurance 2d (Rev. ed.) § 42:719, p. 755) [sic] (1982) (emphasis added). ‘This clause constitutes an independent contract between the insurer and the mortgagee covering the mortgagee’s insurable interest, and not merely the property, and is affected only by acts of the mortgagee.’ Don Chapman Motor Sales, Inc. [v. National Savings Insurance Company], supra, 626 S.W.2d [592] at 597 [ (Tex.1981) ]. The intent of the standard mortgage clause is that ‘the mortgagee’s right to recover will not be invalidated by the act or negligence of the mortgagor’ and that ‘no act or default of any person other than the mortgagee ... shall affect the rights of the mortgagee to recover in case of loss.’ Hartford Fire Insurance Company [v. Associates Capital Corp.] supra, 313 So.2d [404] at 407 [ (Miss.1975)]. See Couch on Insurance 2d, supra, § 42:736. ‘ “[I]nsofar as the provisions of the policy are inconsistent with or antagonistic to the clause protecting the interest of the mortgagee, they must be regarded as inapplicable in determining his right.’” Security Insurance Company of Hartford [v. Commercial Credit Equipment Corp.] supra, 399 So.2d [31] at 34 [ (Fla. App.1981)] (quoting from treatise text now found at Couch on Insurance 2d (Rev.ed.) § 42:720 (1982)).”
*1328 Id. at 914.
International relies on Piedmont Fire Ins. Co. v. Fidelity Mtg. Co. of Alabama, 250 Ala. 609, 35 So.2d 352 (1948), in an attempt to create a distinction between the instant circumstances and those usually presented under a standard mortgage clause. In Piedmont, this Court held that a provision that the policy “does not apply ... while the automobile is used in any illicit trade or transportation,” created a condition, the breach of which would invalidate coverage. The Court distinguished this situation from one in which the accident did not come within the subject matter of the insurance, citing the example that fire insurance would not apply if the property were damaged by cyclone. The Court held that the accident was covered under the standard mortgage clause in the policy.
International argues that its insurance afforded no coverage when Hollingsworth or Sexton was driving the insured vehicles, and so, it says, in Piedmont’s terms, that an accident while either of them was driving did not come within the subject matter of the insurance. It relies on McCullough, supra, and Fidelity Phenix Fire Ins. Co. of New York v. Raper, 242 Ala. 440, 6 So.2d 513 (1941), to support its argument that this exclusion was a matter of coverage, not a waivable condition or forfeiture provision such as that discussed in Piedmont. International concludes that, because there was no coverage, the standard mortgage clause is irrelevant and Associates’ interest in the Kenworth tractor was not covered in an accident, such as this one, where Hollingsworth or Sexton was driving.
International’s reliance on McCullough and Raper ignores the fact that neither of those cases involved a standard mortgage clause. The driver exclusion endorsement in the instant case is at least ambiguous as to whether it is a subject matter of the insurance or a condition, the breach of which would invalidate coverage. As an example of the latter construction, it could be argued that the subject matter was Hollingsworth’s trucks, including the Ken-worth, but if either Hollingsworth or Sexton drove one of them, that was a breach and the “policy does not apply,” as in Piedmont. Under the principles stated above, the standard mortgage clause governs if it is in conflict with any other provision of the policy.
We note that Ingersoll-Rand, supra, involved a loss clearly outside the coverage of the insurance: the policy was a “named peril” marine hull insurance policy, but the boat was stolen due to the negligence of the mortgagor-insured. Nevertheless, the court held that the mortgagee was covered under the standard mortgage clause:
“Although the precise issue before us has not surfaced in any reported Louisiana decision we could find, there is no reason to conclude that Louisiana would not adopt the nigh-uniform construction by other jurisdictions of the protection afforded a mortgagee’s interest [under] a standard mortgage clause.... Thus, although here the theft of the insured vessel was not a risk covered by the policy between the mortgagor-insured and the insurer, the loss of the vessel was nevertheless insured as to the mortgagee’s interest under the terms of the standard mortgage clause agreement between the mortgagee and the insurer, because the theft-loss of the vessel resulted from the negligence of the mortgagor.”
771 F.2d at 914.
We do not say that we would go as far as the Fifth Circuit did in Ingersoll-Rand. We do hold that where, as here, the loss was at least arguably within the coverage afforded by the insurance and the breach of the policy provision came about as a result of the wrongful act of the insured or his agent, servant, or employee, the mortgagee’s interest under a standard mortgage clause will not be defeated. Hollings-worth testified that he gave Sexton permission to drive the truck on the occasion that led to the accident.
The trial judge did not err in declaring that International was obligated to afford coverage to the mortgagee, Associates, under the loss payable clause. The judgment of the trial court is therefore affirmed.
AFFIRMED.
MADDOX, BEATTY, ADAMS and HOUSTON, JJ., concur.