Plaintiff Jonathan Reed appeals from a summary judgment granted in favor of the defendant Farm Bureau Mutual Casualty Insurance Company, Inc.[1]
On September 1, 1986, Jonathan was operating a motorcycle on County Road 81 in Walker County when he was struck by an uninsured motorist. Following the incident, Jonathan filed claims for uninsured motorist benefits under three insurance policies issued by Farm Bureau to his father, Booker T. Reed, covering respectively a 1974 G.M.C. pickup truck, a 1975 Lincoln automobile, and a 1975 Pontiac automobile. Each of these three policies contained a "Named Driver Exclusion Endorsement" signed by Mr. Reed, which stated:
 "Subject to all other terms and conditions of the policy to which this endorsement is attached it is understood and agreed by and between the Company and the Named Assured that as a part of the consideration for the issuance or continuance of this policy, in addition to the premium charged, it is hereby understood and agreed that the policy to which this endorsement is attached shall not be in force and effect while any motor vehicle which would be covered by this policy is being operated by [in the space provided following this clause was written 'Jonathan T. Reed (son)']."
Farm Bureau refused payment of uninsured motorist benefits, based upon its interpretation of this clause and its effect upon benefits accruing to Jonathan.
On March 20, 1987, Jonathan sued Farm Bureau, primarily alleging breach of contract, fraud, and bad faith refusal to pay a valid claim. The trial court entered summary judgment in favor of Farm Bureau. Jonathan appeals from the summary judgment, raising the issue whether that provision of the insurance policy purporting to operate as a "Named Driver Exclusion Endorsement" excludes benefits and coverage to Jonathan, who was injured by an uninsured motorist while riding a non-declared motorcycle.
The standards for ruling on a motion for summary judgment are well established. Rule 56, A.R.Civ.P., sets out the two-part standard for the granting of summary judgment. The moving party must show that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Sanders v. Kirkland Co., 510 So.2d 138 (Ala. 1987). *Page 5 
 "The standard of review for a summary judgment based on a showing by the defendant that plaintiff cannot prove a cause of action is whether it clearly appears, with no genuine issue as to any material fact, that there is no evidence as to some essential element of the cause of action. . . . [T]his Court must review the record in a light most favorable to the [non-moving party] and resolve all reasonable doubts against the defendant."
Gulf City Body Trailer Works, Inc. v. Phoenix PropertiesTrust, Inc., 531 So.2d 870, 872-73 (Ala. 1988).
In Alabama, insurers are required to offer uninsured motorist coverage to insureds, concurrent with liability coverage under automobile insurance policies. Ala. Code 1975, § 32-7-23. The purpose of that requirement is "to provide financial recompense to innocent persons who are injured . . . [by] wrongful conduct of uninsured motorists." Gulf American Fire Casualty Co. v.Gowan, 283 Ala. 480, 481, 218 So.2d 688, 691 (1969). "[I]f the statutory conditions are present, the courts will infer the existence of minimum uninsured motorist coverage notwithstanding the absence of a provision for such coverage in the insurance policy itself." Insurance Company of NorthAmerica v. Thomas, 337 So.2d 365, 368 (Ala.Civ.App. 1976). Furthermore, "once an automobile liability policy is issued extending coverage to a certain class of insureds under such a clause, uninsured motorist coverage must be offered to cover the same class of insureds." Alabama Farm Bureau MutualCasualty Insurance Co. v. Pigott, 393 So.2d 1379, 1382 (Ala. 1981).
However, such reciprocal coverage is not mandatorily prescribed. An insured may reject such coverage. Therefore, although there exists "a rule of construction requiring courts to interpret all motor vehicle liability insurance policies as providing the statutory coverage," there also exists an exception to this rule where "an agreement to reject on the part of the named insured is in evidence." Insurance Company ofNorth America v. Thomas, supra, at 369.
Farm Bureau contends that Jonathan is not entitled to uninsured motorist benefits.
This Court, in McCullough v. Standard Fire Insurance Co. ofAlabama, 404 So.2d 637 (Ala. 1981), spoke to this issue under facts similar to the facts of the instant case, but with one important difference. In McCullough, the insurer issued a policy including liability and uninsured motorist coverage to Betty Lou Steele. The policy was subject, however, to an endorsement, similar to the one signed by Mr. Reed, excluding the insurer from liability when the insured's son, Robert Steele, was operating the declared vehicle. Robert was injured by an uninsured motorist while he was driving the declaredautomobile. The insurer denied uninsured motorist benefits under the endorsement. This Court, in determining that the endorsement served to exclude liability coverage as well as uninsured motorist coverage, stated:
 "The insurance policy bought by Mrs. Steele did not provide any coverage when her son, Robert Steele, was driving the car. [Emphasis added.] The coverage excluded Robert Steele entirely. The appellant contends the exclusion extended to the liability coverage only.
 "The statute specifically provides for the insured to reject coverage. That is exactly what Mrs. Steele has done, except she did not reject it entirely but only as to her son. We find nothing wrong with this. Had Mrs. Steele wanted to reject uninsured motorist coverage altogether she could have done so. It would seem to us that a partial rejection of the coverage should be no different."
McCullough v. Standard Fire Insurance Co. of Alabama, supra, at 639.
The fact that Robert Steele was driving the car inMcCullough is a critical difference. The exclusion denied Robert Steele any coverage under the policy, both liability and uninsured motorist, while he was driving the declaredautomobile.
Jonathan Reed was not driving any of the vehicles covered by the policies. That is the condition that the exclusion specifically turns on: *Page 6 
 "It is understood and agreed that the policy to which this endorsement is attached shall not be in force and effect while any motor vehicle which would be covered by this policy is being operated by [Jonathan Reed]."
Jonathan was operating a motorcycle that was a non-declared, non-covered vehicle. For purposes of this exclusion, his status was the same as if he had been a pedestrian struck by an uninsured motorist. For purposes of arguing the propriety of granting summary judgment on the contract claim, Farm Bureau does not deny that Jonathan is an insured under his father's policies and that he lives in his father's household. The policy, by its terms, defines "insured" to include relatives of the named insured (Booker T. Reed) living in the same household. Likewise, for purposes of defending the trial court's summary judgment, Farm Bureau does not dispute the fact that Jonathan was struck by an uninsured motorist. We hold that the father did not reject (and the exclusion does not preclude) uninsured motorist coverage for his son, who is an insured under the three policies, except when the son is driving one of the automobiles insured under the policies.
The trial court properly entered summary judgment in favor of Farm Bureau on the fraud and bad faith claims, but erred in entering summary judgment in favor of Farm Bureau on the contract claim. Accordingly, the judgment appealed from is affirmed in part, reversed in part, and remanded.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and JONES, ALMON, SHORES, ADAMS and KENNEDY, JJ., concur.
HOUSTON, J., concurs specially.
STEAGALL, J., dissents.
MADDOX, J., recused.
[1] Farm Bureau has subsequently been renamed ALFA Mutual Insurance Company.