Safeway Insurance Company of Alabama, Inc. ("Safeway"), appeals from a judgment of the Madison County Circuit Court declaring that Kenyon Hambrick is entitled to uninsured motorist (UM) coverage under a policy of insurance issued to Patsy Lightfoot White. We reverse and remand.
In August 1995, White applied for and obtained an automobile liability insurance policy from Safeway covering her 1995 Toyota Corolla automobile. The insurance application completed by White contains a section wherein White was directed to list the names and dates of birth of the principal driver and "all residents of household over [the] age of 14"; in this space, White listed herself and Alicia Lightfoot, and she warranted that "there are no other drivers in the household other than those listed below." The application was accepted, and Safeway issued a policy of insurance containing the following pertinent provisions:
 "NOTICE — This policy has been issued based upon the reliance of the statements on the application. Read it carefully and notify [Safeway] (through your agent) of any misinformation or changes that may occur immediately.
". . . .
 "In consideration of the payment of the premium and in reliance upon the statements in the application and declarations and subject to all of the terms of this policy, we agree with you as follows:
". . . .
 "Occupying means in, getting upon, getting in, getting on, getting out or getting off.
". . . .
"`Your Covered Auto' means
"1. Any vehicle shown in the Declarations.
 ". . . . *Page 94 
"We will pay damages which covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury:
"1. Sustained by a covered person; and
"2. Caused by an accident.
". . . .
"`Covered Person' as used in the Part means:
". . . .
"2. Any other person occupying your covered auto.
". . . .
"DECLARATIONS
"By acceptance of this policy you agree:
 "1. that the statements contained in the application, a copy of which is attached to and forms a part of the policy, and the statements in the Declarations are your representations; and
 "2. that this policy is issued in reliance upon the truth of those representations; and
". . . .
 "4. that the coverages afforded by this policy shall not apply to any loss or damage arising from any accident which occurs while the automobile is being driven, operated, manipulated, maintained, serviced, or used in any other manner by an unlisted driver, on the application or on the endorsement, under the age of twenty-five (25), who resides in the same household as the named insured, or is a regular or frequent operator of any vehicle insured under this policy. . . ."
On March 15, 1997, the 1995 Toyota Corolla collided with an automobile operated by an uninsured motorist. At the time of the collision, the Toyota was being driven by Travis Lightfoot, White's son, and was also occupied by Hambrick, a minor passenger; Hambrick suffered physical injury. Travis Lightfoot was, at the time of the collision, under the age of 25 years and was a resident of White's household.
After Hambrick asserted a claim under White's policy, Safeway initiated a declaratory judgment action in the trial court, naming as defendants Hambrick (by and through his parents as next friends), White, Travis Lightfoot (by and through White, his mother),[1] the uninsured motorist, and the holder of a security interest in the Toyota Corolla. Safeway alleged that a justiciable controversy existed among the parties as to Safeway's rights and duties under its policy issued to White, quoting "Declaration 4" quoted above, and requested that the trial court declare those rights and duties. As a result of mediation, all of Safeway's claims involving White, Travis Lightfoot, and the holder of the security interest were resolved without a trial. After receiving testimony and exhibits from the remaining parties, the trial court entered a judgment providing, in pertinent part, as follows:
 "The Court finds that there is no significant dispute between the parties as to the facts upon which the Court is called upon to rule. . . ."
". . . .
 ". . . The Court finds that the `declaration' relied upon by [Safeway] is ineffective to deny coverage to the defendant, Kenyon Hambrick, under the uninsured motorist provisions of said policy, in that the exclusion is not broad enough to cover the uninsured motorist's claim of the said defendant. The Court notes that the statutory purpose of uninsured motorist coverage is to provide financial recompense to innocent persons who are injured and to dependents of those who are killed because of the wrongful conduct of uninsured motorists. (See State Farm [Auto. Ins. Co. v.] Reaves, [292 Ala. 218], 292 So.2d 95
(1974)). Such uninsured motorist coverage is required to be issued as part of, or supplemental to, any automobile liability or motor vehicle liability policy issued in the state, and can be rejected by the named insured only in writing, which did not occur in this case. (See [§ 32-7-23, Ala. Code 1975]). *Page 95 
 ". . . Accordingly, the petition for declaratory judgment herein is denied. Issues in this cause are found in favor of [Hambrick]."
The trial court further concluded that any issues as to the uninsured motorist were moot, and dismissed him as a defendant.
Safeway appealed to the Alabama Supreme Court, which transferred the appeal to this court, pursuant to § 12-2-7
(6), Ala. Code 1975. On appeal, Safeway challenges only the trial court's legal conclusion concerning Hambrick's entitlement to uninsured motorist coverage under White's policy. Under the circumstances of this case, our standard of review is as follows:
 "[W]here the facts before the trial court are essentially undisputed and the controversy involves questions of law for the court to consider, the court's judgment carries no presumption of correctness. Because no material facts are disputed and this appeal focuses on the application of the law to the facts, no presumption of [correctness] is accorded to the trial court's judgment. Therefore, we review de novo the application of the law to the facts of this case."
Allstate Ins. Co. v. Skelton, 675 So.2d 377, 379 (Ala. 1996).
Section 32-7-23 (a), Ala. Code 1975, provides:
 "No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto . . . under provisions approved by the commissioner of insurance for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, that the named insured shall have the right to reject such coverage; and provided further, that unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured had rejected the coverage in connection with the policy previously issued to him by the same insurer."
This court recently stated in State Farm Mut. Auto. Ins. Co. v.Scott, 707 So.2d 238 (Ala.Civ.App. 1997), that this statutory provision is mandatory and noted that "[a] necessary corollary to [this] principle . . . is that an insurer will not be permitted to deny the benefits provided for in § 32-7-23 `by inserting provisions restricting an insured's right to recovery.'" 707 So.2d at 241. In Scott, we discussed a number of cases supporting this proposition and noted that the rule following from them could be summarized as follows: "where an exclusion in a policy is more restrictive than the uninsured motorist statute, it is void and unenforceable." 707 So.2d at 242 (citing Watts v.Preferred Risk Mut. Ins. Co., 423 So.2d 171, 175 (Ala. 1982), citing in turn Alabama Farm Bureau. Mut. Cas. Ins. Co. v.Mitchell, 373 So.2d 1129 (Ala.Civ.App. 1979)). We must determine whether the specific policy exclusion at issue in this case, which excludes coverage for "any loss or damage arising from any accident which occurs while the automobile is being driven . . . by an unlisted driver . . . under the age of twenty-five (25), who resides in the same household as the named insured, " is void and unenforceable on the basis that it contravenes § 32-7-23 (a). If the exclusion is contrary to § 32-7-23 (a), as judicially construed, then the trial court correctly concluded that Hambrick is entitled to uninsured motorist coverage under White's policy; if, on the contrary, the exclusion does not violate § 32-7-23 (a), then Safeway is entitled to a declaration that Hambrick is not due any coverage under White's policy.
In an analogous case, the Alabama Supreme Court considered whether a policy exclusion purporting to exclude coverage for accidents occurring while a particular person was operating the covered vehicle was void under § 32-7-23 (a). McCullough v.Standard Fire Ins. Co., 404 So.2d 637 (Ala. 1981). In McCullough, a passenger who was injured *Page 96 
while riding in an automobile driven by the son of the named insured under a policy of automobile insurance sued the insurer for uninsured motorist benefits under the policy. However, the policy contained an endorsement providing that the insurer would not be liable for loss, damage, or liability caused while the automobile described in the policy was being driven by the named insured's son. The trial court denied insurance benefits to the passenger.
On appeal, the Supreme Court affirmed the judgment of the trial court, holding that the language of the endorsement, stating that the insurance company would not be not liable if the son was operating or driving the vehicle involved in the accident, was clear. The McCullough court reasoned as follows:
 "As [the trial judge] stated, to uphold the exclusion would not violate public policy. It has been held that `the purpose to the Uninsured Motorist Act, and thus the public policy of the State as to this matter, [is] that Alabama citizens purchasing automobile liability insurance be able to obtain for an additional premium the same protection against injury or death at the hands of an uninsured motorist as they would have had if that [motorist] had obtained for himself the minimum liability coverage required by the Safety Responsibility Act' (emphasis added [in McCullough]).
 "Although the statute, [Ala.] Code 1975, § 32-7-23, provides that no automobile liability insurance policy shall be delivered or issued for delivery without uninsured motorist coverage, it also allows the insured to reject the coverage. Hence, the coverage spoken to in § 32-7-23 is not mandatory, and the failure to carry the coverage does not violate the public policy of this State.
 "The insurance policy bought by [the named insured] did not provide any coverage when her son . . . was driving the car. The coverage excluded [her son] entirely The [passenger] contends the exclusion extended to the liability coverage only. This puts the appellant in the position, as noted by the trial judge, of using the exclusion to show [the son] was uninsured, yet claiming the exclusion only applied to the liability coverage. We cannot agree with this contention.
 "The statute specifically provides for the insured to reject coverage. That is exactly what [the named insured] has done, except she did not reject it entirely but only as to her son. We find nothing wrong with this. Had [the named insured] wanted to reject uninsured motorist coverage altogether she could have done so. It would seem to us that a partial rejection of the coverage should be no different."
404 So.2d at 638-39 (last emphasis added; other emphasis inMcCullough).
We note further our Supreme Court's analysis of McCullough inReed v. Farm Bureau Mut. Cas. Ins. Co., 549 So.2d 3 (Ala. 1989). In Reed, the court noted that the explicit language of the insurance policy in McCullough had excluded UM coverage with respect to accidents involving the driver of the vehicle listed in the policy and in which the passenger was injured:
 "The fact that [the excluded driver] was driving the car in McCullough is a critical difference. The exclusion denied [him] any coverage under the policy, both liability and uninsured motorist, while he was driving the declared automobile."
549 So.2d at 5 (emphasis added). In contrast, the Reed court considered a situation where UM coverage was sought with respect to an accident involving a person who was not driving a declared vehicle, and the Alabama Supreme Court concluded that McCullough
did not apply. 549 So.2d at 5-6.
In this case, Hambrick's position is analogous to that of the passenger in McCullough. He has paid nothing to Safeway for the coverage he seeks.[2] On the other hand, White, who has paid premiums to Safeway for automobile liability and uninsured motorist coverage, did not list Travis Lightfoot as *Page 97 
being a resident of her household over the age of 14 at the time she completed her application for insurance in 1995, despite the fact that he reached the age of 19 less than three years after the completion of the application. See note 1, supra. Moreover, by accepting the Safeway policy, White agreed that the "coverages," including uninsured motorist coverage, would not apply to accidents occurring while the Toyota Corolla was driven by an unlisted driver under the age of 25, such as Travis Lightfoot, who resided in the same household. Also, the instant case does not present the distinction that existed inReed, because the Toyota automobile that Lightfoot was driving was identified in the policy. Thus, like the named insured inMcCullough, White "partially rejected" uninsured motorist coverage as to accidents occurring while Travis Lightfoot operated the declared vehicle, and we cannot agree with the trial court that the exclusion relied upon by Safeway in this case is void and unenforceable under § 32-7-23 (a), Ala. Code 1975.
Based upon the foregoing facts and authorities, we reverse the judgment of the trial court and remand for the entry of a judgment declaring that Hambrick is not entitled to uninsured motorist insurance coverage under White's policy.
REVERSED AND REMANDED.
YATES and CRAWLEY, JJ., concur.
MONROE and THOMPSON, JJ., concur in the result.
[1] The trial court noted in its judgment that Travis Lightfoot became or legal age during the pendency of this action. Under Alabama law, a person reaches the age or majority upon attaining the age of 19 years. See § 26-1-1(a), Ala. Code 1975.
[2] We note that counsel for Hambrick informed the trial court that Hambrick was insured under the UM provisions of another automobile insurance policy; that Hambrick had made a claim under that policy; and that the issuer of that policy was aware of Safeway's declaratory judgment action but had opted not to participate therein.