THOMPSON, Judge.
Joseph and Annie Funderburg, husband and wife, appeal a summary judgment in favor of Clarendon National Insurance Company (“Clarendon”) and Black’s Insurance Agency (“Black’s”) on Joseph Fun-derburg’s claim for uninsured-motorist benefits. On October 8,1997, Joseph Fun-derburg was involved in an automobile accident with an alleged uninsured motorist, while operating his 1990 Chevrolet pickup truck. The Funderburgs made a claim for uninsured motorist benefits under Annie Funderburg’s policy with Clarendon for damage Joseph Funderburg incurred in the collision. Clarendon denied the claim because Joseph Funderburg was a named excluded driver under his wife’s policy with Clarendon.
On May 8, 1998, the Funderburgs sued Black’s Insurance Agency and Clarendon, alleging breach of contract, fraud, and bad-faith refusal to pay a claim. Clarendon moved for a summary judgment on July 27, 1998. Following a hearing, on October 15, 1998, the trial court entered a summary judgment in favor of Clarendon on the Funderburgs’ claims. Black’s moved for a summary judgment on October 28, 1998. On February 3, 1999, the trial court entered a summary judgment in favor of Black’s on all of the Funderburgs’ claims. The Funderburgs appealed to the supreme court; that court transferred the appeal to this court pursuant to Ala.Code 1975, § 12-2-7. Based on our review of the applicable law and the facts of the present case, we affirm the summary judgments.
The material facts are undisputed. The issue, then, is whether, as a matter of law, Joseph Funderburg has uninsured motorist coverage under the automobile liability policy issued by Clarendon to his wife.
The Funderburgs claim that the trial court erred in determining that the exclusion of Joseph Funderburg as a named driver precluded him from receiving uninsured-motorist benefits under the policy. The Funderburgs cite Reed v. Farm Bureau Mutual Casualty Insurance Co., 549 So.2d 3 (Ala.1989), in support of this argument. In Reed our supreme court considered whether the insured’s son was precluded from recovering uninsured-motorist benefits, on the basis that he was specifically named in the following exclusion:
“Subject to all other terms and conditions of the policy to which this endorsement is attached it is understood and agreed by and between the Company and the Named Assured that as a part of the consideration for the issuance or continuance of this policy, in addition to the premium charged, it is hereby understood and agreed that the policy to which this endorsement is attached shall not be in force and effect while any motor vehicle which would be covered by this policy is being operated by [in the space provided following this clause was written ‘Jonathan T. Reed (son)’].”
The Reed court held that the endorsement did not exclude uninsured-motorist coverage for damage Jonathan Reed suffered when he collided with an uninsured motorist while operating his motorcycle. 549 So.2d at 6. In reaching this conclusion, the Reed court emphasized the express condi *474 tion — “while any motor vehicle which would be covered by this policy is being operated by Jonathan T. Reed” — which was placed on the coverage exclusion. The Reed court reasoned that the motorcycle Reed was driving when the accident occurred was not a covered vehicle under the policy, and, therefore, that the required condition was not met, so the exclusion was not triggered.
In the present case, the exclusion printed on the declarations page of the policy contained no such condition. The exclusion on the declarations page of the policy Clarendon issued to Annie Funderburg read:
“NO COVERAGE IS PROVIDED FOR THE FOLLOWING EXCLUDED OPERATORS:
“(1) JOSEPH FUNDERBURG”
The terms of this exclusion were unambiguous. It is clear from the language of the exclusion that the policy provided no coverage, either uninsured-motorist or liability, to Joseph Funderburg. Only in cases of genuine ambiguity or inconsistency is it proper to resort to rules of construction. Canal Ins. Co. v. Old Republic Ins. Co., 718 So.2d 8 (Ala.1998). When language in an insurance policy is clear and unambiguous, courts are not permitted to rewrite the policy to create a result contrary to the intentions of the contracting parties. Id.
The Funderburgs claim that the trial court’s interpretation of the endorsement to exclude uninsured-motorist coverage violated Ala.Code 1975, § 82-7-23, which prohibits the issuance of an automobile liability policy without uninsured-motorist coverage. That statute, however, does permit the insured to reject uninsured-motorist coverage. It is evident from the declarations page of her insurance contract that Annie Funderburg rejected uninsured-motorist coverage, not entirely, but as to her husband, Joseph Funderburg. See McCullough v. Standard Fire Ins. Co., 404 So.2d 637 (Ala.1981).
Having decided that there was no uninsured-motorist coverage upon which the Funderburgs could base a claim, we hold that the summary judgment in favor of Clarendon and Black’s is due to be affirmed.
AFFIRMED.
MONROE and CRAWLEY, JJ, concur.
ROBERTSON, P.J., and YATES, J., concur specially.