PITTMAN, Judge.
This appeal concerns uninsured-motorist insurance.
On October 3, 2002, Luisa Castro (“the insured”) applied for a policy of automobile liability insurance from Illinois National Insurance Company (“the insurer”). The application contained a section requesting the insured to list all persons residing in the insured’s household and all motor-vehicle operators in the household other than the insured; that section of the application also stated that “[coverage may be voided if a resident or regular operator is driving and is not listed on this application.” Although the insured was married to, and resided with, her husband, Hilario Castro, only the insured’s name appeared on the insured’s insurance application in the space provided to list household residents and other motor-vehicle operators. Further, on another page of the application, the insured responded affirmatively to the question, “Is there anyone in the household you wish to exclude?” The application further indicated that the insured had “declare[d] the facts [tjherein to be true” and that she had understood and agreed “that failure to disclose any resident operators or regular operators on [the] application ... may result in the rescission (voiding) of [the] policy and/or denial of a future claim.”
At the time the insured submitted her application for insurance, she executed a form labeled “Named Driver Exclusion Agreement” (“the exclusion form”). The exclusion form, which bore the identifier “DR8906,” expressly stated that “[i]n consideration of the premium charged, it is agreed [the insurer] will not provide coverage or defend or pay for any claim arising out of an accident or loss which occurs while any vehicle insured under this policy is driven with or without your permission by” those drivers whose names, dates of birth, relationship, and reasons for exclusion from coverage are disclosed in the exclusion form. Hilario Castro was identified as an excluded driver in the exclusion form; the reason disclosed for his exclusion is that “[o]ther coverage” applied as to him. The insured’s signature appears on the exclusion form directly beneath the following printed statement: “The undersigned, the named insured in this policy, hereby consents and agrees to this amendment of the policy.”
In consideration of the insured’s payment of premiums and based on the information provided on the insured’s application, the insurer issued a policy of automobile liability insurance to the in *283 sured for a term of six months beginning on October 3, 2002. The declarations page of the policy identified the insured and her address and the single motor vehicle covered under the policy, a 1984 model Oldsmobile. The declarations page further indicated that the insurer would provide coverage for bodily injury and property damage, as well as uninsured-motorist coverage for bodily injury; however, that page also indicated that Hilario Castro was an “excluded driver” and that “Form DR8906” (i.e., the exclusion form) constituted a part of the insurance policy.
On November 8, 2002, the insured, while occupying the 1984 Oldsmobile identified in the insurance policy, was injured when a second vehicle collided with her vehicle on Interstate 10 in Baldwin County. At the time of the collision, Hilario Castro was operating the Oldsmobile. The insured incurred medical expenses of over $21,000 as a result of the collision and has been unable to work since the collision occurred; she later sought and received $25,000 from the liability insurance carrier who provided coverage to the operator of the second vehicle. Because the insured’s damages allegedly exceeded the monetary limits of the liability insurance coverage available from the operator of the second vehicle, the insured and Hilario Castro sought uninsured-motorist insurance benefits from the insurer.
In February 2003, the insurer filed a complaint in the Mobile Circuit Court seeking a declaration that it had no duty to pay uninsured-motorist insurance benefits to either the insured or Hilario Castro. The insured and Hilario Castro answered the complaint, contending that the insured was entitled to uninsured-motorist insurance benefits in the amount of $20,000. Both the insurer and the insured filed summary-judgment motions. The trial court denied the insurer’s summary-judgment motion, granted the insured’s summary-judgment motion, entered a judgment in favor of the insured declaring that the insurer was required to pay the insured $20,000, and dismissed Hilario Castro as a party.
The insurer appeals from the judgment in favor of the insured. We note that the facts are essentially undisputed and that the controversy involves solely questions of law; we therefore review the trial court’s judgment de novo, with no presumption in favor of that judgment. E.g., State Dep’t of Revenue v. Garner, 812 So.2d 380, 382 (Ala.Civ.App.2001).
We agree with the insurer that the facts of this case closely parallel those of McCullough v. Standard Fire Insurance Co., 404 So.2d 637 (Ala.1981). In McCullough, Betty Lou Steele purchased an automobile liability insurance policy that also provided fQr uninsured-motorist insurance coverage; however, that policy contained a provision that the insurance carrier would “ ‘not be liable for loss, damage, and/or liability caused while the automobile described in the policy or any other automobile to which the terms of the policy are extended is being driven or operated by1 ” the named insured’s son, Robert Steele. 404 So.2d at 638. While operating an automobile covered under Mrs. Steele’s policy, Robert Steele was involved in a head-on collision with another vehicle, resulting in the death of a passenger in the vehicle operated by Robert Steele. Id.
The administrator of the passenger’s estate brought an action against Mrs. Steele’s insurance company seeking an award of uninsured-motorist insurance benefits, but the trial court hearing that action entered a summary judgment in favor of the insurance company. The Alabama Supreme Court affirmed that summary judgment, reasoning as follows:
*284 “Although ... § 32-7-23, [Ala.Code 1975,] provides that no automobile liability insurance shall be delivered or issued for delivery without uninsured motorist coverage, it also allows the insured to reject the coverage. Hence, the coverage spoken to in § 32-7-23 is not mandatory, and the failure to carry the coverage does not violate the public policy of this State.
“The insurance policy bought by Mrs. Steele did not provide any coverage when her son, Robert Steele, was driving the car. The coverage excluded Robert Steele entirely. The [administrator] contends the exclusion extended to the liability coverage only. This puts the [administrator] in the position, as noted by the trial judge, of using the exclusion to show Robert Steele was uninsured, yet claiming the exclusion only applied to the liability coverage. We cannot agree with this contention.
“The statute specifically provides for the insured to reject coverage. That is exactly what Mrs. Steele has done, except she did not reject it entirely but only as to her son. We find nothing wrong with this. Had Mrs. Steele wanted to reject uninsured motorist coverage altogether she could have done so. It would seem to us that a partial rejection of the coverage should be no different.
“The language of the endorsement is clear. It states simply that the insurance company is not liable if Robert Steele is operating or driving the vehicle involved in this accident.”
McCullough, 404 So.2d at 639 (emphasis added and removed); compare Reed v. Farm Bureau Mut. Cas. Ins. Co., 549 So.2d 3, 5 (Ala.1989) (finding uninsured-motorist insurance coverage where excluded driver was not driving an automobile listed in the declarations of an insurance policy; distinguishing McCullough because “[t]he exclusion [in McCullough] denied Robert Steele any coverage under the policy, both liability and uninsured motorist, while he was driving the declared automobile ”).
Here, as in McCullough, we are confronted with an insurance policy that excludes coverage with respect to incidents involving a particular driver named in the body of the policy. The pertinent clause in McCullough stated that the insurer would not be liable “ ‘for loss, damage, and/or liability caused while the automobile described in the policy or any other automobile to which the terms of the policy are extended is being driven or operated by’ ” the excluded driver; here, the policy provides that the insurer “will not provide coverage or defend or pay for any claim arising out of an accident or loss which occurs while any vehicle insured under this policy is driven” by Hilario Castro (emphasis added).
The insured contends that the exclusion form applies only to the policy’s liability coverage rather than all “coverage” afforded in the policy, arguing that “provide coverage or defend” are “specific” words that “control” the term “pay for any claim” under the maxims of contract construction known as ejusdem generis and noscitur a sociis. However, the language of the exclusion form regarding accidents or losses occurring while an insured automobile is operated by Hilario Castro, like the language of the named-driver endorsement in McCullough, is clear; therefore, “there is no question of interpretation or construction” requiring resort to such maxims to discern the intent of the parties. American & Foreign Ins. Co. v. Tee Jays Mfg. Co., 699 So.2d 1226, 1228 (Ala.1997); see also Callen v. Callen, 257 Ala. 226, 228, 58 So.2d 462, 464 (1952) (ejusdem generis and noscitur a sociis “merely furnish an aid to construe an ambiguity in an instrument”). *285 Neither do we find persuasive the insured’s unsupported argument that the word “for” in the term “pay for any claim” evidences a limited application of the exclusion form to liability claims only. Finally, while the insured correctly notes that she was not herself an excluded driver, we deem that point immaterial — under McCullough, the claimant’s identity does not matter where the applicability of an automobile-insurance-coverage exclusion turns instead, as here, on who the operator toas at the time an accident or loss occurs.
In this case, the insured noted in her application for automobile liability insurance coverage and uninsured-motorist insurance coverage that she wished to exclude her husband as an insured, and she expressly agreed that failure to disclose resident operators of the insured automobile could result in the denial of a future claim under the policy. Her signature on the exclusion form indicates a knowing assent to the exclusion of any coverage as to all claims “arising out of an accident or loss” occurring while the 1984 Oldsmobile identified in the policy was being driven by Hilario Castro, which precisely describes the nature of her claim for uninsured-motorist insurance benefits against the insurer. We therefore conclude that the trial court, as a matter of law, erred in entering the summary judgment in favor of the insured; that judgment is hereby reversed, and the cause is remanded for the entry of a judgment in favor of the insurer.
REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY, THOMPSON, and MURDOCK, JJ., concur.